Helene T. Krasnoff
Planned Parenthood Federation of America
1120 Connecticut Avenue, N.W., Suite 461
Washington, DC  20036
(202) 785-3351

Roger K. Evans
Dara Klassel
Eve C. Gartner
Planned Parenthood Federation of America
810 Seventh Avenue
New York, NY  10019
(212) 261-4708

B. Newal Squyres
Cooperating Counsel for American Civil
  Liberties Union of Idaho Foundation
Holland & Hart
P.O. Box 2527
Boise, ID  83701
(208) 342-5000





# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| PLANNED PARENTHOOD  OF IDAHO, INC. and GLENN H. WEYHRICH, M.D., )<br><br>Plaintiffs, )<br><br>vs. )<br><br>ALAN G. LANCE, Attorney General of the State of Idaho, and GREG BOWER, Ada County Prosecuting Attorney, )<br><br>Defendants. ) | CV00 - 0 3 5 - S  MHW<br><br>CASE NO: CV<br><br>COMPLAINT |

\

## I.    PRELIMINARY STATEMENT

1.    This action is brought pursuant to 42 U.S.C. § 1983 to enjoin the enforcement of 2000 Idaho Senate Bill No. 1299, amending Idaho's abortion laws to require a women to show "positive identification" before obtaining an abortion and to require parental consent before a minor may obtain an abortion. See 2000 Idaho Senate Bill No. 1299, amending Chapter 6, Title 18 of the Idaho Code to add new sections 18-609A and 18-614 and adopted by the Idaho Legislature in February, 2000 ("the Act") (A copy of the Act is attached to the Complaint as Exhibit A). The Act is scheduled to take effect July 1, 2000.

2.    The Act violates the rights of plaintiffs' patients as guaranteed by the fourteenth amendment to the United States Constitution by requiring every woman, before she can obtain an abortion, to present "positive identification." If a woman does not have one of the forms of identification required by the Act, she will be forced to acquire and present a certified copy of her birth certificate before being able to obtain an abortion. This process will increase the health risks and costs associated with abortion by forcing women to delay terminating their pregnancies. For women unable to obtain the certified birth certificate or one of the other state-mandated forms of identification, access to abortion is denied.

3.    The Act violates the rights of plaintiffs' minor patients as guaranteed by the fourteenth amendment to the United States Constitution by requiring that a physician obtain parental consent before performing an abortion on the minor without providing an adequate mechanism to bypass the consent requirement. The bypass is inadequate because it fails to assure that the minor has appropriate access to a confidential and expeditious bypass proceeding

1

with the assistance of legal counsel.  Further, although the Act takes effect July 1, there is no procedure in place to assure that minors will be able to procure an effective bypass proceeding.

4.      The Act's restrictive medical emergency provisions also violate the rights of plaintiffs and their minor patients as guaranteed by fourteenth amendment to the United States Constitution by failing to make clear and adequate provision for abortions when the woman's health is at risk.  The medical emergency provisions of the Act further violate the due process rights of plaintiffs' minor patients by requiring post-procedure notification of a parent without providing an adequate procedure to waive that notification.  This will deter minors who need emergency abortions from seeking them.  These provisions also violate the plaintiff providers' due process rights by exposing them to liability based on an objective standard.  These deficiencies will have the effect of making physicians reluctant to provide abortions in emergency situations or to delay performing the abortion until after the minor has secured parental consent or a court order, thereby jeopardizing the woman's health.

5.      If it goes into effect, the Act will cause immediate and irreparable harm to the women of Idaho seeking abortions and to Idaho's abortion providers.

## II.    JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.  Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

7.      Venue is proper in this District pursuant to 28 U.S.C § 1391(b) because plaintiffs and defendants reside in the District of Idaho.

2

## III.    THE PARTIES

8.    Plaintiff, Planned Parenthood of Idaho, Inc. ("Planned Parenthood") is a not-for-profit corporation organized under the laws of Idaho and located in Boise. Planned Parenthood provides medical and educational services to women and men. Planned Parenthood's services include pregnancy diagnosis and counseling, contraceptive counseling, provision of all methods of birth control, HIV/AIDS testing and counseling, treatment of minor sexually transmitted infections and uncomplicated urinary tract infections, and cancer screening. Planned Parenthood does not perform abortion services, but provides its patients with referrals to providers of those services. Planned Parenthood sues on behalf of its patients.

9.    Plaintiff, Glenn H. Weyhrich, M.D., is a physician licensed to practice medicine in the State of Idaho, and is a board-certified obstetrician and gynecologist who maintains a private ob/gyn practice in Boise. Dr. Weyhrich provides an array of medical services, including abortions through the sixteenth week of pregnancy as measured from the first day of the woman's last menstrual period ("LMP"). His patients seeking abortions come predominantly from the Boise area, but he also performs abortions on women from all regions of Idaho and a few surrounding states including Nevada and Oregon. Among Dr. Weyhrich's patients seeking abortions, fewer than 10 percent are women under the age of 18. Of these women, an overwhelming majority decide on their own to involve a parent or legal guardian in their decision to obtain an abortion, often bringing that person with them when they get the procedure. Dr. Weyrich also has minor patients who are mature and/or who he believes would be harmed by a requirement to involve a parent. Dr. Weyhrich sues on his behalf and on behalf of his patients seeking abortions.

3

10.     Defendant Alan G. Lance is the Attorney General of the State of Idaho.  He is the chief legal officer for the state and is charged by law with enforcement of the Act, supervision of all county attorneys and defense of the constitutionality of the laws of Idaho.  Defendant Lance, whose office is in Boise, is sued in his official capacity, as are his agents and successors in office.

11.     Defendant Greg Bower is the Ada County Prosecuting Attorney.  He is charged by law with enforcement of the Act.  He is sued in his official capacity, as are his agents and successors in office.

## IV.     STATUTORY FRAMEWORK

### A.     Positive Identification

12.     The Act provides in relevant part that:

> No person may cause or perform an abortion otherwise permitted pursuant to
> Idaho law until the physician either confirms the age of the woman by positive
> identification or secures legal consent pursuant to 18-609A, Idaho Code.

Idaho Code § 18-614(1).  The Act defines "positive identification" as "a lawfully issued state, district, territorial, possession, provincial, national or other equivalent government driver's license, identification card or military card, bearing the person's photograph and date of birth, or the person's valid passport, or certified copy of the person's own birth certificate."  Idaho Code § 18-614(2).  The Act does not make any provisions for performing an abortion if a woman is unable to present one of the forms of positive identification enumerated in the Act.

4

**B.     Parental Consent**

13.     The Act also provides in relevant part that:

No person shall knowingly cause or perform an abortion upon a minor unless . . .
[t]he attending physician has secured the written informed consent of the minor
and the written informed consent of the minor's parent.

Idaho Code § 18-609A(1)(a).  The parental consent requirement is waived if the minor is

emancipated and the attending physician has received written proof of emancipation; the minor is

found by a court to be mature, of sound mind and having sufficient intellectual capacity to

consent to the abortion for herself (as described in Idaho Code § 18-609A(1)(b)); or a court has

found that causing or performing the abortion is in the best interests of the minor and issued an

order granting permission for the abortion (as described in Idaho Code § 18-609A(1)(b)).  Idaho

Code § 18-609A(1)(a)(ii) – (iv).  The Act also waives the parental consent requirement before an

abortion when there is a medical emergency; however, the physician must immediately notify a

parent after the procedure.  Idaho Code § 18-609A(1)(a)(v).

**1.     Judicial Bypass**

14.     Subsection (1)(b) of Idaho Code § 18-609A purports to provide for a proceeding

by which a court may grant an order allowing a minor who is determined to have sufficient

maturity to "self-consent" to the abortion or giving judicial consent to the abortion because it is

in her best interests.  The Act requires that the minor file a petition under this subsection in the

judicial district where the minor resides.  Idaho Code § 18-609A(1)(b)(i).  The petition must

include "[t]he name and address of each parent, guardian, or, if the minor's parents are deceased

or the minor is abandoned and no guardian ad litem has been appointed, the name and address of

any other person standing in loco parentis of the minor."  Idaho Code § 18-609A(1)(b)(ii).

15.     The Act provides that a guardian ad litem <u>may</u> assist the minor in preparing the petition, but only requires that the court "ensure that the minor is given assistance in filing the petition if the minor so desires a guardian ad litem but no qualified guardian ad litem is available." Idaho Code § 18-609A(1)(b)(i).  If a minor requests a guardian ad litem and none is available, "the court may appoint some other person to act in the capacity of a guardian ad litem." Idaho Code § 18-609A(1)(b)(iii).  There is no provision in the Act that guarantees the minor the right to counsel.

16.     The Act requires that a hearing on the merits of the minor's petition be held no later than five days from the filing of the petition and that the court enter an order no later than five days after the conclusion of the hearing.  Idaho Code § 18-609A(1)(b)(iii), (iv).  A notice of appeal from an order issued by the court must be filed within two days of the issuance of the order.  Idaho Code § 18-609A(1)(c).  The record on appeal must be completed and the appeal must be perfected by no later than five days from the filing of notice of appeal.  <u>Id.</u>  The Act states that appeals pursuant to this subsection "shall receive expedited appellate review," but does not provide any specific time limits within which the appeal must be resolved.  <u>See id.</u>  The Act also provides that a court "may enlarge the times set forth pursuant to this subsection upon the request of the minor or upon other good cause appearing." Idaho Code § 18-609A(1)(d).

### 2.     Medical Emergency Exception

17.     The Act defines "medical emergency" as:

[A] sudden and unexpected physical condition which, in the reasonable medical judgment of any ordinarily prudent physician acting under the circumstances and conditions then existing, is abnormal and so complicates the medical condition of the pregnant minor as to necessitate the immediate causing or performing of an abortion: 1. To prevent her death; or 2. Because a delay in causing or performing

6

an abortion will create serious risk of immediate, substantial and irreversible impairment of a major physical bodily function of the patient.

Idaho Code § 18-609A(5)(c)(i). The Act specifies that a "medical emergency" does <u>not</u> include "[a]ny physical condition that would be expected to occur in normal pregnancies of women of similar age, physical condition and gestation" or "[a]ny condition that is predominantly psychological or psychiatric in nature." Idaho Code § 18-609A(5)(c)(ii). This definition fails to encompass emergency abortions necessary as a result of a woman's physical condition that is not "sudden or unexpected" or emergency abortions necessary to prevent non-immediate or reversible bodily damage; damage to non-bodily, *i.e.*, mental, health; and damage to minor physical bodily functions.

      18.    The Act requires that immediately after an abortion performed in the case of medical emergency, the physician "attempt to provide a parent of an unemancipated minor actual notice of the medical emergency." Idaho Code § 18-609A(1)(A)(v). If a parent cannot be "<u>immediately contacted</u>" for actual notification, the physician must "with due diligence, attempt to provide actual notification to a parent for an eight hour period" following the abortion. <u>Id.</u> Notwithstanding those requirements, a physician who performs an abortion on a minor in the case of medical emergency <u>must</u> provide actual notification to a parent within twenty-four hours of the procedure by one of several means set forth in the Act. <u>See</u> <u>id.</u> The Act makes no provision for waiver of the actual notification requirement unless a physician believes that the minor is homeless or abandoned or that her physical safety would be jeopardized by parental notification, in which case, the physician is required to make a report to a law enforcement agency. Idaho Code § 18-609A(1)(a)(v).

7

### C.    Penalties

19.    The Act provides that any person who is injured by the performing of an abortion on a minor in violation of the Act "shall have a private right of action to recover all damages sustained as a result of such violation, including reasonable attorney's fees if judgment is rendered in favor of plaintiff." Idaho Code § 18-609A(3). In addition, the Act may impose criminal penalties of $5000 and up to five years in prison upon the physician, his accomplices and accessories, and any woman who "knowingly submits" to the abortion. See Idaho Code §§ 18-605, 18-606.

20.    The Act, by its terms, is to take effect July 1, 2000. See The Act, Section 10.


## V.    STATEMENT OF FACTS

21.    According to the Idaho Department of Health and Welfare's Center for Vital Statistics and Health Policy, there were 888 induced abortions performed in the state of Idaho in 1998. Upon information and belief, a similar number of procedures were performed in 1999 and will be performed in 2000 absent enforcement of the Act.

22.    Abortions are only rarely performed in Idaho after 16 weeks LMP. Of the abortions performed in 1998, only fifteen were performed after 16 weeks LMP, and of those fifteen, only 5 were performed from 20 weeks LMP on. Generally, if a woman in Idaho is seeking to terminate her pregnancy after 16 weeks LMP, she must travel to another state to obtain an abortion.

23.     The risks associated with childbirth are 22 times the risks associated with an abortion at twelve weeks or earlier and twice the risk of abortion after twelve weeks.  At no time before 21 weeks do the risks of abortion exceed those incurred with childbirth.

24.     Although abortion through the 21st week of pregnancy is significantly safer than pregnancy and childbirth, delay of any length in performing an abortion increases the risk to the woman seeking to obtain the abortion.  The increase in risk becomes statistically significant when delay reaches one week.  Delays of any length may be sufficient to prolong a woman's pregnancy into the second trimester, thereby significantly increasing the cost, inconvenience and risk associated with the procedure.

## A.     Positive Identification

25.     Among plaintiffs' patients are women who do not have "positive identification" as defined in the Act.

26.     To obtain a valid United States passport for the first time, the applicant must appear in person and provide a public record showing the date and place of birth, and created within the first five years of life.  According to the United States Department of State, the normal processing time for an application for a passport is 25 business days.

27.     A certified copy of a birth certificate is a prerequisite to issuance of an Idaho driver's license or state ID card.

28.     Therefore, if a woman did not have one of the forms of "positive identification" required by the Idaho statute, she would need to obtain a certified copy of her birth certificate to have an abortion.  Obtaining a certified copy of a birth certificate will impose substantial delays upon the woman, subjecting her to increased risks and costs associated with the abortion.  All

women cannot satisfy the "positive identification" requirement will experience delays in trying to obtain the necessary ID, but this delay will be particularly acute for women who were not born in Idaho.  For some women, the "positive identification" requirement will operate as an absolute bar to obtaining an abortion.

**B.    Parental Consent**

29.      Of the Idaho residents who obtained abortions in 1998, approximately 9 percent of them were women under the age of 18.  Upon information and belief, a similar percentage of the abortions performed in 1999 were obtained by minors and will be performed in 2000 absent enforcement of the Act.  These figures do not include minors from other states who obtained abortions in Idaho to whom the Act also applies.

30.      When a minor does not involve a parent in her decision to terminate her pregnancy, she generally has compelling reasons.  Such reasons include fear of physical violence against the minor or other family members; of being forced to leave home; of being forced to carry an unwanted pregnancy to term; or other punishment of the minor; or of causing other problems between the minor and one parent or both parents or between the minor's parents.  In addition, parents may refuse consent for an abortion, thus vetoing the minor's decision.

31.      Nationally, seventeen percent of teenagers who undergo abortions obtain them after twelve weeks LMP.  Even without parental consent requirements like those set forth in the Act, minors already tend to seek abortions later in pregnancy than adults due to delays in discovering their pregnancies, fear of telling their parents or partner that they are pregnant, or difficulty in deciding how to resolve their pregnancy.  The delay will often be compounded by scheduling difficulties resulting from the limited hours when clinics are open, the limited hours

10

when physicians are available to perform abortions, transportation requirements, the minor's work and/or school commitments, and the parent's family or work obligations.

32.     The Act's venue restriction, which requires that the minor file her petition in the judicial district where she resides, unduly constrains a minor's ability to obtain a confidential and expeditious bypass because, among other things: it hinders her ability to seek the bypass in an area where she can avoid seeing someone she knows; it separates her from resources in other districts that may be available to assist her in the judicial bypass process; and it denies her the flexibility she needs to procure the bypass as quickly as possible.

33.     There are urgent medical situations that necessitate an immediate abortion.  In these situations, delay of a couple of weeks or even a few days could place the health – or even the life – of the woman in jeopardy.

34.     Some women have chronic medical conditions, such as kidney or heart disease, that will cause the woman to need an abortion on an emergency basis although her physician originally believed that she would be able to carry a pregnancy to term.  Depending on how far her condition has deteriorated, requiring a woman in this situation to wait to have an abortion poses serious risks to her health and, potentially, her life.

## CLAIMS FOR RELIEF

## COUNT I – RIGHT TO DUE PROCESS OF LAW

35.     Plaintiffs hereby reaffirm and reallege each and every allegation made in ¶¶1-34 above as if set forth fully herein.

11

36.     The Act violates the rights of plaintiffs' patients to privacy as guaranteed by the fourteenth amendment to the United States Constitution by imposing an undue burden on women seeking an abortion by requiring every woman, before she can obtain an abortion, to present "positive identification." This requirement thwarts the rights of the women of Idaho by imposing a substantial obstacle in their path when seeking abortion and by limiting their access to abortion without a corresponding state interest sufficiently weighty to justify this limitation.

## COUNT II – RIGHT TO DUE PROCESS OF LAW

37.     Plaintiffs hereby reaffirm and reallege each and every allegation made in ¶¶1-36 above as if set forth fully herein.

38.     The Act violates the rights of plaintiffs' patients to privacy as guaranteed by the fourteenth amendment to the United States Constitution in, including but not limited to, the following ways:

        a)  by failing to provide an adequate judicial bypass to parental consent;

        b)  by failing to make adequate provision for abortion in any case where the woman's health is at risk due to the Act's restrictive definition of "medical emergency;" and

        c)  by requiring parental notification in case of medical emergency without providing an adequate bypass from the notification requirement.

## COUNT III – RIGHT TO DUE PROCESS OF LAW

39.     Plaintiffs hereby reaffirm and reallege each and every allegation made in ¶¶1-38 above as if set forth fully herein.

12

40.     The Act violates the rights of plaintiff providers to due process as guaranteed by the fourteenth amendment to the United States Constitution because, among other things, it utilizes an objective standard in imposing liability under the "medical emergency" provisions and is void for vagueness by failing to give adequate notice of what constitutes a "medical emergency" within the meaning of the Act.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that this Court:

1.  Issue a declaratory judgment that the 2000 Idaho Senate Bill No. 1299, amending Chapter 6, Title 18 of the Idaho Code to add new sections 18-609A and 18-614 and adopted by the Idaho Legislature in February, 2000, violates the rights of plaintiffs and their patients as protected by the fourteenth amendment to the United States Constitution and is therefore void and of no effect;

2.  Issue preliminary and permanent injunctive relief, without bond, restraining the enforcement, operation and execution of 2000 Idaho Senate Bill No. 1299, amending Chapter 6, Title 18 of the Idaho Code to add new sections 18-609A and 18-614 and adopted by the Idaho Legislature in February, 2000, by enjoining defendants, their agents, employees, appointees or successors from enforcing, threatening to enforce or otherwise applying the provisions of that Act;

3.  Grant plaintiffs attorneys' fees, costs and expenses pursuant to 42 U.S.C. § 1988; and

4.  Grant such further relief as this Court deems just and proper.

13

Dated:  June 23, 2000.

Respectfully submitted,

B. Newal Squyres
Cooperating Counsel for American Civil
 Liberties Union of Idaho Foundation
Holland & Hart
P.O. Box 2527
Boise, ID  83701
(208) 342-5000

Helene T. Krasnoff
Planned Parenthood Federation of America
1120 Connecticut Avenue, N.W., Suite 461
Washington, DC  20036
(202) 785-3351

Roger K. Evans
Dara Klassel
Eve C. Gartner
Planned Parenthood Federation of America
810 Seventh Avenue
New York, NY  10019
(212) 261-4708

Attorneys for Plaintiffs

14

Term ▶️

2000 Idaho Laws Ch. 7 (S.B. ◀1299▶)

IDAHO 2000 SESSION LAWS
SECOND REGULAR SESSION OF THE 55TH LEGISLATURE
Copr. © West Group 2000. All rights reserved.

Additions are indicated by <<+ Text +>>; deletions by
<<- Text ->>. Changes in tables are made but not highlighted.
Vetoed provisions within tabular material are not displayed.

Ch. 7
S.B. No. ◀1299▶
ABORTION RIGHTS

AN ACT RELATING TO ABORTION; AMENDING CHAPTER 6, TITLE 18, IDAHO CODE, BY THE ADDITION OF A NEW SECTION 18-601, IDAHO CODE, TO PROVIDE LEGISLATIVE FINDINGS AND INTENT; AMENDING SECTION 18-604, IDAHO CODE, TO PROVIDE A DEFINITION AND TO MAKE TECHNICAL CORRECTIONS; AMENDING CHAPTER 6, TITLE 18, IDAHO CODE, BY THE ADDITION OF A NEW SECTION 18-608A, IDAHO CODE, TO MAKE IT UNLAWFUL FOR ANY PERSON OTHER THAN A PHYSICIAN TO CAUSE OR PERFORM AN ABORTION; AMENDING SECTION 18-609, IDAHO CODE, TO PROVIDE A REFERENCE TO ADULT PATIENTS, TO DELETE REQUIREMENTS FOR NOTICE TO PARENTS OF UNMARRIED PREGNANT PATIENTS UNDER EIGHTEEN YEARS OF AGE OR WHO ARE UNEMANCIPATED, TO DELETE LANGUAGE PROVIDING FOR SEVERABILITY AND TO MAKE TECHNICAL CORRECTIONS; AMENDING CHAPTER 6, TITLE 18, IDAHO CODE, BY THE ADDITION OF A NEW SECTION 18-609A, IDAHO CODE, TO REQUIRE CONSENT FOR ABORTIONS FOR MINORS, TO PROVIDE VARIOUS FORMS OF CONSENT, TO PROVIDE FOR ABORTION FOR MEDICAL EMERGENCIES, TO PROVIDE NOTICE TO PARENTS FOR ABORTIONS DUE TO MEDICAL EMERGENCIES, TO PROVIDE FOR REPORTS TO LAW ENFORCEMENT AGENCIES IF NOTICE TO PARENTS CANNOT BE MADE, TO PROVIDE PROCEDURES FOR A COURT TO GRANT A MINOR'S RIGHT TO SELF-CONSENT TO AN ABORTION, TO PROVIDE CONTENTS FOR PETITIONS TO THE COURT, TO PROVIDE FOR HEARINGS, TO PROVIDE FOR DECISIONS OF THE COURT, TO PROVIDE FOR APPEALS, TO PROVIDE THAT NO FEES MAY BE CHARGED, TO PROVIDE THAT A MINOR SHALL BE ORALLY INFORMED, TO PROVIDE THAT CERTAIN JUDICIAL RECORDS ARE EXEMPT FROM PUBLIC DISCLOSURE, TO PROVIDE THAT THE ADMINISTRATIVE DIRECTOR OF THE COURTS SHALL COMPILE STATISTICS, TO PROVIDE A PRIVATE RIGHT OF ACTION TO ANY PERSON INJURED BY AN ABORTION, TO REQUIRE REPORTING TO THE DEPARTMENT OF HEALTH AND WELFARE, TO PROVIDE THAT PHYSICIANS ARE SUBJECT TO PROFESSIONAL DISCIPLINE AND CIVIL PENALTIES AND TO PROVIDE DEFINITIONS; REPEALING SECTION 18-611, IDAHO CODE; AMENDING CHAPTER 6, TITLE 18, IDAHO CODE, BY THE ADDITION OF A NEW SECTION 18-614, IDAHO CODE, TO REQUIRE IDENTIFICATION AND AGE CONFIRMATION; AMENDING CHAPTER 6, TITLE 18, IDAHO CODE, BY THE ADDITION OF A NEW SECTION 18-615, IDAHO CODE, TO PROVIDE SEVERABILITY; AMENDING CHAPTER 3, TITLE 9, IDAHO CODE, BY THE ADDITION OF A NEW SECTION 9-340G, IDAHO CODE, TO EXEMPT FROM PUBLIC DISCLOSURE RECORDS OF COURT PROCEEDINGS REGARDING JUDICIAL AUTHORIZATION OF ABORTION PROCEDURES FOR MINORS; AND PROVIDING AN EFFECTIVE DATE.

Be It Enacted by the Legislature of the State of Idaho:

SECTION 1. That Chapter 6, Title 18, Idaho Code, be, and the same is hereby amended by the addition thereto of a NEW SECTION, to be known and designated as Section 18-601, Idaho Code, and to read as follows:

<< ID ST § 18-601 >>

18-601. LEGISLATIVE FINDINGS AND INTENT. (1) The legislature finds:
(a) That children have a special place in society that the law should reflect;
(b) That minors too often lack maturity and make choices that do not include consideration of both immediate and long-term consequences;
(c) That the medical, emotional and psychological consequences of abortion and childbirth are serious and can be lasting, particularly when the patient is immature;
(d) That the capacity to become pregnant and the capacity for mature judgment concerning the wisdom of bearing a child

or of having an abortion are not necessarily related;

(e) That parents, when aware that their daughter is pregnant or has had an abortion are in the best position to ensure that she receives adequate medical attention during her pregnancy or after her abortion;

(f) That except in rare cases, parents possess knowledge regarding their child which is essential for a physician to exercise the best medical judgment for that child;

(g) That when a minor is faced with the difficulties of an unplanned pregnancy, the best interests of the minor are always served when there is careful consideration of the rights of parents in rearing their child and the unique counsel and nurturing environment that parents can provide;

(h) That informed consent is always necessary for making mature health care decisions.

(2) It is the intent of the legislature in enacting section 18-609A, Idaho Code, to further the following important and compelling state interests recognized by the United States supreme court in:

(a) Protecting minors against their own immaturity;

(b) Preserving the integrity of the family unit;

(c) Defending the authority of parents to direct the rearing of children who are members of their household;

(d) Providing a pregnant minor with the advice and support of a parent during a decisional period;

(e) Providing for proper medical treatment and aftercare when the life or physical health of the pregnant minor is at serious risk in the rare instance of a sudden and unexpected medical emergency.

SECTION 2. That Section 18-604, Idaho Code, be, and the same is hereby amended to read as follows:

<< ID ST § 18-604 >>

18-604. DEFINITIONS. As used in this act: <<+(+>>1<<-.->><<+)+>> "Abortion" means the intentional termination of human pregnancy for purposes other than delivery of a viable birth.

<<-2. "Physician" means a person licensed to practice medicine and surgery or osteopathic medicine and surgery in this state as provided in chapter 18, title 54, Idaho Code.->>

<<+(2) "First trimester of pregnancy" means the first thirteen (13) weeks of a pregnancy.+>>

<<+(+>>3<<-.->><<+)+>> "Hospital" means an acute care, general hospital in this state, licensed as provided in chapter 13, title 39, Idaho Code.

<<-4. "First trimester of pregnancy" means the first thirteen (13) weeks of a pregnancy.->>

<<+(4) "Informed consent" means a voluntary and knowing decision to undergo a specific procedure or treatment. To be voluntary, the decision must be made freely after sufficient time for contemplation and without coercion by any person. To be knowing, the decision must be based on the physician's accurate and substantially complete explanation of each fact pertinent to making the decision. Facts pertinent to making the decision shall include, but not be limited to:+>>

<<+(a) A description of any proposed treatment or procedure;+>>

<<+(b) Any reasonably foreseeable complications and risks to the patient from such procedure, including those related to future reproductive health; and+>>

<<+(c) The manner in which such procedure and its foreseeable complications and risks compare with those of each readily available alternative to such procedure, including childbirth and adoption.+>>

<<+The physician must provide the information in terms which can be understood by the person making the decision, with consideration of age, level of maturity and intellectual capability.+>>

<<+(5) "Physician" means a person licensed to practice medicine and surgery or osteopathic medicine and surgery in this state as provided in chapter 18, title 54, Idaho Code.+>>

<<-5.->><<+(6)+>> "Second trimester of pregnancy" means that portion of a pregnancy following the thirteenth week and preceding the point in time when the fetus becomes viable, and there is hereby created a legal presumption that the second trimester does not end before the commencement of the twenty- fifth week of pregnancy, upon which presumption any licensed physician may proceed in lawfully aborting a patient pursuant to section 18-608, <<+Idaho Code,+>> in which case the same shall be conclusive and unrebuttable in all civil or criminal proceedings.

<<-6.->><<+(7)+>> "Third trimester of pregnancy" means that portion of a pregnancy from and after the point in time when the fetus becomes viable.

<<-7.->><<+(8)+>> Any reference to a viable fetus shall be construed to mean a fetus potentially able to live outside the mother's womb, albeit with artificial aid.

SECTION 3. That Chapter 6, Title 18, Idaho Code, be, and the same is hereby amended by the addition thereto of a NEW SECTION, to be known and designated as Section 18-608A, Idaho Code, and to read as follows:

<< ID ST § 18-608A >>

18-608A. PERSONS AUTHORIZED TO PERFORM ABORTIONS. It is unlawful for any person other than a physician to cause or perform an abortion.

SECTION 4. That Section 18-609, Idaho Code, be, and the same is hereby amended to read as follows:

<< ID ST § 18-609 >>

18-609. PHYSICIANS AND HOSPITALS NOT TO INCUR CIVIL LIABILITY --CONSENT TO ABORTION --
NOTICE. <<+(1)+>> Any physician may perform an abortion not prohibited by this act and any hospital or other facility
described in section 18-608, Idaho Code, may provide facilities for such procedures without, in the absence of negligence,
incurring civil liability therefor to any person<<-.->> including<<+,+>> but not limited to<<+,+>> the pregnant patient
and the prospective father of the fetus to have been born in the absence of abortion, if informed consent for such abortion
has been duly given by the pregnant patient.
(2) In order to provide assistance in assuring that the consent to an abortion is truly informed consent, the director of the
department of health and welfare shall publish, after consultation with interested parties, easily comprehended printed
material to be made available at the expense of the physician, hospital or other facility providing the abortion, and which
shall contain the following:
(a) Descriptions of the services available to assist a woman through a pregnancy, at childbirth and while the child is
dependent, including adoption services, a comprehensive list of the names, addresses, and telephone numbers of public
and private agencies that provide such services and financial aid available;
(b) Descriptions of the physical characteristics of a normal fetus, described at two (2) week intervals, beginning with the
fourth week and ending with the twenty-fourth week of development, accompanied by scientifically verified photographs
of a fetus during such stages of development. The description shall include information about physiological and
anatomical characteristics, brain and heart function, and the presence of external members and internal organs during the
applicable stages of development; and
(c) Descriptions of the abortion procedures used in current medical practices at the various stages of growth of the fetus
and any reasonable foreseeable complications and risks to the mother, including those related to subsequent child bearing.
(3) No abortion shall be performed unless, prior to the abortion, the attending physician or the attending physician's agent
(i) confirms or verifies a positive pregnancy test and informs the pregnant patient of a positive pregnancy test, and (ii)
certifies in writing that the materials provided by the director of the department of health and welfare have been provided
to the pregnant patient, if reasonably possible, at least twenty-four (24) hours before the performance of the abortion. If
the materials are not available from the director of the department of health and welfare, no certification shall be required.
The attending physician, or the attending physician's agent, shall provide any other information required under this act. In
addition to providing the material, the attending physician may provide the pregnant patient with such other information
which in the attending physician's judgment is relevant to the pregnant patient's decision as to whether to have the abortion
or carry the pregnancy to term.
(4) If the attending physician reasonably determines that due to circumstances peculiar to a specific pregnant patient,
disclosure of the material is likely to cause a severe and long lasting detrimental effect on the health of such pregnant
patient, disclosure of the materials shall not be required. Within thirty (30) days after performing any abortion without
certification and delivery of the materials, the attending physician, or the attending physician's agent, shall cause to be
delivered to the director of the department of health and welfare, a report signed by the attending physician, preserving the
patient's anonymity, which explains the specific circumstances that excused compliance with the duty to deliver the
materials. The director of the department of health and welfare shall compile the information annually and report to the
public the total number of abortions performed in the state where delivery of the materials was excused; provided that any
information so reported shall not identify any physician or patient in any manner which would reveal their identities.
(5) If section 18-608(3), Idaho Code, applies to the abortion to be performed and the pregnant patient is <<+an adult
and+>> for any reason unable to give a valid consent thereto, the requirement for that pregnant patient's consent shall be
met as required by law for other medical or surgical procedures and shall be determined in consideration of the desires,
interests and welfare of the pregnant patient.
<<-(6) In addition to the requirements of subsection (1) of this section, if the pregnant patient is unmarried and under
eighteen (18) years of age or unemancipated, the physician shall provide notice, if possible, of the pending abortion to the
parents or legal guardian of the pregnant patient at least twenty-four (24) hours prior to the performance of the abortion.-
>>
<<-(7) If any one or more the subsection or provisions of this section, or the application thereof to any person or
circumstance, shall ever be held by any court of competent jursidiction to be invalid, the remaining provisions of this
section and the application thereof to persons or circumstances other than those to which it is held to be invalid, shall not
be affected thereby, it being the intention of the legislature to enact the remaining provisions of this section
notwithstanding such invalidity->>
SECTION 5. That Chapter 6, Title 18, Idaho Code, be, and the same is hereby amended by the addition thereto of a NEW
SECTION, to be known and designated as Section 18-609A, Idaho Code, and to read as follows:

<< ID ST § 18-609A >>

18-609A. CONSENT REQUIRED FOR ABORTIONS FOR MINORS.

(1) (a) No person shall knowingly cause or perform an abortion upon a minor unless:
(i) The attending physician has secured the written informed consent of the minor and the written informed consent of the minor's parent; or
(ii) The minor is emancipated and the attending physician has received written proof of emancipation and the minor's written informed consent; or
(iii) The minor has been granted the right of self-consent to the abortion by court order pursuant to paragraph (b) of this subsection and the attending physician has received the minor's written informed consent; or
(iv) A court has found that the causing or performing of the abortion, despite the absence of informed consent of a parent, is in the best interests of the minor and the court has issued an order, pursuant to paragraph (b)(iv)2. of this subsection, granting permission for the causing or performing of the abortion, and the minor is having the abortion willingly, pursuant to paragraph (f) of this subsection; or
(v) A medical emergency exists for the minor so urgent that there is insufficient time for the physician to obtain the informed consent of a parent or a court order and the attending physician certifies such in the pregnant minor's medical records. In so certifying, the attending physician must include the factual circumstances supporting his professional judgment that a medical emergency existed and the grounds for the determination that there was insufficient time to obtain the informed consent of a parent or a court order. Immediately after an abortion pursuant to this paragraph, the physician shall, with due diligence, attempt to provide a parent of an unemancipated minor actual notification of the medical emergency. If the parent cannot be immediately contacted for such actual notification, the physician shall, with due diligence, attempt to provide actual notification to a parent for an eight (8) hour period following the causing or performing of the abortion and shall, until a parent receives such notification, ensure that the minor's postabortion medical needs are met. Notwithstanding the above, a physician shall, within twentyfour (24) hours of causing or performing an abortion pursuant to this paragraph, provide actual notification of the medical emergency by:
1. Conferring with a parent or agent designated by the parent, and providing any additional information needed for the minor's proper care, and, as soon as practicable thereafter, securing the parent's written acknowledgement of receipt of such notification and information; or
2. Providing such actual notification in written form, addressed to the parent at the usual place of abode of the parent and delivered personally to the parent by the physician or an agent with written acknowledgement of such receipt by the parent returned to the physician; or
3. Providing such actual notification in written form and mailing it by certified mail, addressed to the parent at the usual place of abode of the parent with return receipt requested and restricted delivery to the addressee so that a postal employee can only deliver the notice to the authorized addressee.
For the purposes of this section, "actual notification" includes, but is not limited to, a statement that an abortion was caused or performed, a description of the factual circumstances supporting the physician's judgment that the medical emergency existed and a statement of the grounds for the determination that there was insufficient time to obtain the informed consent of a parent or a court order.
If the physician causing or performing such abortion reasonably believes that the minor is homeless or abandoned so that the parents cannot be readily found or that the minor has suffered abuse or neglect such that the minor's physical safety would be jeopardized if a parent were notified that the abortion was caused or performed, the physician shall, in lieu of notifying a parent as required above, make a report to a law enforcement agency pursuant to section 16-1619, Idaho Code, and a petition shall be filed pursuant to section 16-1605, Idaho Code, which petition shall include a reference to this code section. Upon adjudication that the minor comes within the purview of chapter 16, title 16, Idaho Code, either on the basis of homelessness or abandonment such that no parent can be found, or on the basis of abuse or neglect such that the minor's physical safety would be in jeopardy if a parent were notified that the abortion was performed, the court shall, as a part of the decree, also order that the physician's duty to so notify a parent is relieved. In any other event, unless the court enters a finding that the best interests of the child require withholding notice to a parent, the court shall order that a parent receive actual notification of the medical emergency and the causing or performing of the abortion.
(b) A proceeding for the right of a minor to self-consent to an abortion pursuant to paragraph (a)(iii) of this subsection or for a court order pursuant to paragraph (a)(iv) of this subsection, may be adjudicated by a court as follows:
(i) The petition shall be filed in the judicial district where the minor resides. A minor shall have the legal capacity to make and prosecute a petition and appeal as set out herein. A guardian ad litem may assist the minor in preparing her petition and other documents filed pursuant to this section and may seek appointment as set forth below. A guardian ad litem, whether prospective or appointed, must be an attorney properly licensed in this state. The court shall ensure that the minor is given assistance in filing the petition if the minor so desires a guardian ad litem but no qualified guardian ad litem is available.
(ii) The petition shall set forth:
1. The initials of the minor;
2. The age of the minor;
3. The name and address of each parent, guardian, or, if the minor's parents are deceased or the minor is abandoned and no guardian has been appointed, the name and address of any other person standing in loco parentis of the minor;
4. That the minor has been fully informed of the risks and consequences of the abortion procedure to be performed;
5. A claim that the minor is mature, of sound mind and has sufficient intellectual capacity to consent to the abortion for

herself;

6. A claim that, if the court does not grant the minor the right to self- consent to the abortion, the court should find that causing or performing the abortion, despite the absence of the consent of a parent, is in the best interest of the minor and give judicial consent to the abortion; and

7. If so desired by the minor, a request that the court appoint a guardian ad litem, or, alternatively, if no guardian ad litem is requested, that the court should consider whether appointment of a guardian ad litem for the minor is appropriate. The petition shall be signed by the minor and, if she has received assistance from a prospective guardian ad litem in preparing the petition, by the guardian ad litem.

(iii) A hearing on the merits of the petition shall be held as soon as practicable but in no event later than five (5) days from the filing of the petition. The petition shall be heard by a district judge on the record in a closed session of the court. The court shall appoint a qualified guardian ad litem for the minor if one is requested in the petition. If no qualified guardian ad litem is available, the court may appoint some other person to act in the capacity of a guardian ad litem, who shall act to fulfill the purposes of this section and protect the confidentiality and other rights of the minor.

At the hearing, the court shall, after establishing the identity of the minor, hear evidence relating to the emotional development, maturity, intellect and understanding of the minor; the nature of the abortion procedure to be performed and the reasonably foreseeable complications and risks to the minor from such procedure, including those related to future childbearing; the available alternatives to the abortion; the relationship between the minor and her parents; and any other evidence that the court may find relevant in determining whether the minor should be granted the right to self-consent to the abortion or whether the court's consent to causing or performing of the abortion, despite the absence of consent of a parent, is in the best interests of the minor.

(iv) The order shall be entered as soon as practicable, but in no event later than five (5) days after the conclusion of the hearing. If, by clear and convincing evidence, the court finds the allegations of the petition to be true and sufficient to establish good cause, the court shall:

1. Find the minor sufficiently mature to decide whether to have the abortion and grant the petition and give the minor the right of self-consent to the abortion, setting forth the grounds for so finding; or

2. Find the performance of the abortion, despite the absence of the consent of a parent, is in the best interests of the minor and give judicial consent to the abortion, setting forth the grounds for so finding.

If the court does not find the allegations of the petition to be true or if good cause does not appear from the evidence heard, the court shall deny the petition, setting forth the grounds on which the petition is denied.

If, in hearing the petition, the court becomes aware of allegations which, if true, would constitute a violation of any section of title 18, Idaho Code, or would bring a child within the purview of chapter 16, title 16, Idaho Code, the court shall order, upon entry of final judgment in the proceeding under this subsection, that an appropriate investigation be initiated or an appropriate information, complaint or petition be filed. Such allegations shall be forwarded by the court with due consideration for the confidentiality of the proceedings under this section.

(c) A notice of appeal from an order issued under the provisions of this subsection shall be filed within two (2) days from the date of issuance of the order. The record on appeal shall be completed and the appeal shall be perfected as soon as practicable, but in no event later than five (5) days from the filing of notice of appeal. Because time may be of the essence regarding the performance of the abortion, appeals pursuant to this subsection shall receive expedited appellate review.

(d) Except for the time for filing a notice of appeal, a court may enlarge the times set forth pursuant to this subsection upon request of the minor or upon other good cause appearing, with due consideration for the expedited nature of these proceedings.

(e) No filing, appeal or other fees shall be charged for cases or appeals brought pursuant to this section.

(f) If a minor desires an abortion, then she shall be orally informed of, and, if possible, sign the written consent required by this act, in the same manner as an adult person. No abortion shall be caused or performed on any minor against her will, except that an abortion may be performed against the will of a minor pursuant to court order if the abortion is necessary to preserve the life of the minor.

(g) All records contained in court files of judicial proceedings arising under the provisions of this subsection, and subsection (3) of this section, shall be confidential and exempt from disclosure pursuant to section 9-340G, Idaho Code. Dockets and other court records shall be maintained and court proceedings undertaken so that the names of the parties to actions brought pursuant to this section will not be disclosed to the public.

(2) The administrative director of the courts shall compile statistics for each county for each calendar year, accessible to the public, including:

(a) The total number of petitions filed pursuant to paragraph (b) of subsection (1) of this section; and

(b) The number of such petitions filed where a guardian ad litem was requested and the number where a guardian ad litem or other person acting in such capacity was appointed; and

(c) The number of such petitions for which the right to self-consent was granted; and

(d) The number of such petitions for which the court granted its informed consent; and

(e) The number of such petitions which were denied; and

(f) For categories described in paragraphs (c), (d) and (e) of this subsection, the number of appeals taken from the court's order in each category; and

(g) For each of the categories set out in paragraph (f) of this subsection, the number of cases for which the district court's

order was affirmed and the number of cases for which the district court's order was reversed.

(3) In addition to any other cause of action arising from statute or otherwise, any person injured by the causing or performing of an abortion on a minor in violation of any of the requirements of paragraph (a) of subsection (1) of this section, shall have a private right of action to recover all damages sustained as a result of such violation, including reasonable attorney's fees if judgment is rendered in favor of the plaintiff.

(4) Statistical records.

(a) The vital statistics unit of the department of health and welfare shall, in addition to other information required pursuant to section 39-261, Idaho Code, require the complete and accurate reporting of information relevant to each abortion performed upon a minor which shall include, at a minimum, the following:

(i) Whether the abortion was performed following the physician's receipt of:

1. The written informed consent of a parent and the minor; or

2. The written informed consent of an emancipated minor for herself; or

3. The written informed consent of a minor for herself pursuant to a court order granting the minor the right to self-consent; or

4. The written informed consent of a court pursuant to an order which includes a finding that the performance of the abortion, despite the absence of the consent of a parent, is in the best interests of the minor; or

5. The professional judgment of the attending physician that the performance of the abortion was immediately necessary due to a medical emergency and there was insufficient time to obtain consent from a parent or a court order.

(ii) If the abortion was performed due to a medical emergency and without consent from a parent or court order, the diagnosis upon which the attending physician determined that the abortion was immediately necessary due to a medical emergency.

(b) The knowing failure of the attending physician to perform any one (1) or more of the acts required under this subsection is grounds for discipline pursuant to section 54-1814(6), Idaho Code, and shall subject the physician to assessment of a civil penalty of one hundred dollars ($100) for each month or portion thereof that each such failure continues, payable to the center for vital statistics and health policy, but such failure shall not constitute a criminal act.

(5) As used in this section:

(a) "Cause or perform an abortion" means to interrupt or terminate a pregnancy by any surgical or nonsurgical procedure or to induce a miscarriage upon a minor known to be pregnant.

(b) "Emancipated" means any minor who has been married or is in active military service.

(c) (i) "Medical emergency" means a sudden and unexpected physical con-

dition which, in the reasonable medical judgment of any ordinarily prudent physician acting under the circumstances and conditions then existing, is abnormal and so complicates the medical condition of the pregnant minor as to necessitate the immediate causing or performing of an abortion:

1. To prevent her death; or

2. Because a delay in causing or performing an abortion will create serious risk of immediate, substantial and irreversible impairment of a major physical bodily function of the patient.

(ii) The term "medical emergency" does not include:

1. Any physical condition that would be expected to occur in normal pregnancies of women of similar age, physical condition and gestation; or

2. Any condition that is predominantly psychological or psychiatric in nature.

(d) "Minor" means a woman less than eighteen (18) years of age.

(e) "Parent" means one (1) parent of the unemancipated minor, or a guardian appointed pursuant to chapter 5, title 15, Idaho Code, if the minor has one.

<< Repealed: ID ST § 18-611 >>

SECTION 6. That Section 18-611, Idaho Code, be, and the same is hereby repealed.

SECTION 7. That Chapter 6, Title 18, Idaho Code, be, and the same is hereby amended by the addition thereto of a NEW SECTION, to be known and designated as Section 18-614, Idaho Code, and to read as follows:

<< ID ST § 18-614 >>

18-614. IDENTIFICATION REQUIRED. (1) No person may cause or perform an abortion otherwise permitted pursuant to Idaho law until the physician either confirms the age of the woman by positive identification or secures legal consent pursuant to section 18-609A, Idaho Code. A photocopy of such positive identification or legal consent shall be kept in the physician's office file for the woman. If due to medical emergency there is insufficient time for the physician to confirm the woman's age by positive identification before performing the abortion, the physician shall as soon as possible after performing the abortion, confirm the age of the woman by positive identification and retain the photocopy.

(2) "Positive identification" means a lawfully issued state, district, territorial, possession, provincial, national or other equivalent government driver's license, identification card or military card, bearing the person's photograph and date of birth, or the person's valid passport, or certified copy of the person's own birth certificate.

SECTION 8. That Chapter 6, Title 18, Idaho Code, be, and the same is hereby amended by the addition thereto of a NEW SECTION, to be known and designated as Section 18-615, Idaho Code, and to read as follows:

<< ID ST § 18-615 >>

18-615. SEVERABILITY. If any one (1) or more provision, section, subsection, sentence, clause, phrase, or word of this chapter or the application thereof to any person or circumstance is found to be unconstitutional, the same is hereby declared to be severable and the balance of this chapter shall remain effective notwithstanding such unconstitutionality. The legislature hereby declares that it would have passed every section of this chapter and each provision, section, subsection, sentence, clause, phrase or word thereof irrespective of the fact that any one (1) or more provision, section, subsection, sentence, clause, phrase or word be declared unconstitutional.
SECTION 9. That Chapter 3, Title 9, Idaho Code, be, and the same is hereby amended by the addition thereto of a NEW SECTION, to be known and designated as Section 9-340G, Idaho Code, and to read as follows:

<< ID ST § 9-340G >>

9-340G. EXEMPTION FROM DISCLOSURE --RECORDS OF COURT PROCEEDINGS REGARDING JUDICIAL AUTHORIZATION OF ABORTION PROCEDURES FOR MINORS. In accordance with section 18-609A, Idaho Code, the following records are exempt from public disclosure: records contained in court files of judicial proceedings regarding judicial authorization of a minor's consent to an abortion or the performance of abortion procedures upon a minor who would otherwise have to obtain consent for the procedure from a parent or guardian, in addition to records of any judicial proceedings filed under section 18-609A(3), Idaho Code.
SECTION 10. This act shall be in full force and effect on and after July 1, 2000.

Approved on the 22nd day of February, 2000.

Effective: July 1, 2000.

STATEMENT OF PURPOSE

RS 09605C1

*Requires parental consent to perform an abortion upon a minor.
FISCAL IMPACT
This bill has no fiscal impact.
Contact: Name: Christian Coalition
Phone: 336-5900
Name: Rep. Bill Sali
Phone: 332-1000
ID LEGIS 7 (2000)
END OF DOCUMENT

Copr. (C) West 2000 No Claim to Orig. U.S. Govt. Works

◀ Term