# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD OF IDAHO, INC., and GLENN H. WEYHRICH, M.D., | ) ) ) |
| Plaintiffs, | ) CASE NO: CIV: 00-0353-S-MHW ) |
| v. | ) ) |
| | ) **ORDER** |
| ALAN G. LANCE, Attorney General of the State of Idaho, and GREG BOWER, Ada County Prosecuting Attorney, | ) ) ) |
| | ) |
| Defendants. | ) ) |

Currently pending before the Court for its consideration is Plaintiffs' Application for a Temporary Restraining Order, filed June 26, 2000. On July 6, 2000, the Court conducted a hearing on the application with counsel for all parties appearing and participating and issued a ruling from the bench granting relief. The Court has considered the arguments of counsel and has fully reviewed the legal briefing and other pertinent documents of record and is now prepared to issue a written order for the purpose of memorializing the Court's conclusions.

**Order - page 1**

## I. Background

Plaintiffs in this case are Planned Parenthood of Idaho, Inc. and Glenn H Weyhrich, M.D. Planned Parenthood is a not-for- profit corporation organization located in Boise, Idaho, which provides medical and educational services to women and men. Planned Parenthood services include pregnancy diagnosis and counseling, contraceptive counseling, provision of all methods of birth control, HIV/AIDS testing, etc. Planned Parenthood does not perform abortion services, but provides its patients with referrals to providers of those services.

Plaintiff Glenn H. Weyhrich, M.D., is a physician licensed to practice medicine in the State of Idaho, and is a board-certified obstetrician and gynecologist who maintains a private ob/gyn practice in Boise. Dr. Weyhrich provides an array of medical services, including abortions. Among Dr. Weyhrich's patients seeking abortions are minors.

Plaintiffs bring this action pursuant to 42 U.S.C § 1983 to enjoin the enforcement of 2000 Idaho Senate Bill No. 1299 (hereafter "the Act"). *See* Idaho Code § 18-601 et seq. This new law requires a woman to show "positive identification" before obtaining an abortion and provides alternate methods by which a minor may "consent" to an abortion. The Act became effective July 1, 2000.

Plaintiffs challenge the constitutionality of the Act on primarily three grounds. First, Plaintiffs argue that the Act violates the rights of plaintiffs' patients as guaranteed by the Fourteenth Amendment to the United States Constitution by requiring every woman, before she can obtain an abortion, to present "positive identification." Plaintiffs contend that this process will increase the health risks and costs associated with abortion by forcing women to delay terminating their pregnancies.

Second, Plaintiffs argue that the Act violates the rights of Plaintiffs' minor patients as guaranteed by the Fourteenth Amendment of the United States Constitution by requiring that a physician obtain parental consent before performing an abortion on the minor without providing an adequate mechanism to bypass the consent requirement. Plaintiffs argue that the bypass is inadequate because it fails to assure that the minor has appropriate access to a confidential and expeditious bypass proceeding with the assistance of legal counsel. Third, Plaintiffs assert that the medical emergency provisions of the Act further violate the due process rights of Plaintiffs' minor patients by requiring post-procedure notification of a parent without providing an adequate procedure to waive that notification. Plaintiffs contend that this will deter minors who need emergency abortions from seeking them.

## II. LEGAL STANDARD

Federal Courts have authority to grant a temporary restraining order under Federal Rule of Civil Procedure 65. In the Ninth Circuit, Courts apply the same standard when ruling on a request for a temporary restraining order under Fed. R. Civ. P. 65(b) as is applied to a request for preliminary injunctive relief under Fed. R. Civ. P. 65(a). *See Byron v. City of Wittier*, 46 F.Supp.2d 1032 (C.D. Cal.1998) (applying the standard for a preliminary injunction under *International Jensen v. Metrosound U.S.A.*, 4 F.3d 819 (9th Cir. 1993) to a request for a temporary restraining order). To prevail on a motion for a preliminary injunction or a temporary restraining order, the plaintiff must demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in plaintiff's favor. *Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999); *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115,1119

(9th Cir. 1999). These two alternatives represent "extremes of a single continuum," rather than two separate tests. *See id.* Therefore, the greater the probability of success, the less hardship to the plaintiff must be shown. *See id.*

Of the two alternatives, the Court has placed its focus on whether the Plaintiffs have raised serious questions going to the merits and whether the balance of hardships tips sharply in Plaintiffs' favor. Any determination of whether Plaintiffs are likely to prevail on the merits are to be temporarily deferred until the Court can properly consider the legal arguments that have been raised in this complex area of the law.

### III. Discussion

A.     Whether Plaintiffs Raise Serious Legal Questions Going to the Merits

The Supreme Court has held that an abortion law is unconstitutional on its face if, "in a large fraction of the cases in which [the statute] is relevant, it will operate as a substantial obstacle to a woman's choice to undergo an abortion." *Planned Parenthood v. Casey*, 505 U.S. 833, 877, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992). Such laws constitute an "undue burden" on a woman's right to have an abortion, reaching "into the heart of the liberty protected by the Due Process Clause." *See id.* at 874. The Ninth Circuit has stressed that *Casey's* undue burden standard is to be applied in determining the facial constitutionality of abortion statutes. *See Planned Parenthood v. Lawall*, 180 F.3d 1022, 1027 (9th Cir. 1999). Thus, the Court will examine the arguments of both parties and determine whether Plaintiffs have raised important legal questions as to whether 2000 Idaho Senate Bill No. 1299 creates an undue burden on a woman's right to have an abortion.

Order - page 4

1.   Positive Identification

The Act requires that before performing an abortion, a physician confirm the age of the woman by "positive identification" unless the patient satisfies the Act's parental consent requirements. *See* Idaho Code § 18-614(1) (2000). This provision applies to all women seeking abortions. The Act then identifies several acceptable forms of positive identification, including a certified copy of the individual's birth certificate, the individual's passport or any driver's license, or an identification or military card if they include a photo of the individual and the individual's date of birth. *See* Idaho Code § 18-614(2).

Plaintiffs argue that the "positive identification" requirement is an undue burden on women seeking an abortion and is therefore unconstitutional. Specifically, Plaintiffs point to the requirement's impact on adult women. Plaintiffs note that the Act provides no exceptions for adult women who are unable to satisfy the positive identification requirement. Plaintiffs contend that not all women who seek abortions in Idaho have one of the forms of positive identification required by the Act and those who do not would be required to obtain one prior to getting an abortion regardless of her age. Plaintiffs assert that obtaining one of these forms would likely involve substantial delay, as obtaining a certified copy of a birth certificate can take several weeks. Further, Plaintiffs assert that some women, (such as illegal aliens), do not have any reliable documentation and would likely never be able to obtain the forms of identification required by the Act. Finally, Plaintiffs note that of the forty-one other states which place requirements on minors seeking abortions, not one of them has enacted a "positive identification" requirement applicable to all women.

Defendants argue that without a positive identification requirement, any statute dealing with a distinction of minors and adults would be meaningless. Defendants contend that the provisions of the Idaho statute provide an objective evaluation of the age of the woman seeking the abortion and allow the abortion provider an objective means of assuring compliance with the law. In addition, Defendants assert that the statute provides a broad range of options in verifying age identification and that there is no restriction on these identification options other than they be government-issued. Further, Defendants assert that there is no restriction on the governmental entity issuing the identification options. Therefore, according to Defendants, a foreign national may use her identification card issued by her native country without any question or indication as to her residency status in the United States, as the statute only requires that age be established.

Defendants also argue that failure to provide the listed identification options is not an absolute bar to a woman's right to seek an abortion. Defendants contend that if, for whatever reason, a woman is unable to confirm her age, she may avail herself to the judicial bypass provisions listed in 18-609A. Defendants argue that in practical terms, a woman who is clearly over the age of 18 will have little trouble in convincing the judge that she is mature enough to make her own decisions.

2.  Judicial Bypass to Parental Consent

Minors, as well as adults, have a right to choose abortion. *Planned Parenthood v. Danforth*, 428 U.S. 52, 96 S.Ct. 2831, 49 L.Ed.2d 788 (1976). The Supreme Court has held that if a state decides to require a pregnant minor to obtain one or both parents' consent to an abortion, the state also must provide an alternative procedure under which authorization for the abortion can be obtained. *See Planned Parenthood v. Lawall*, 180 F.3d 1022, 1027 (9th Cir.

Order - page 6

1999) (citing *Bellotti v. Baird*, 443 U.S. 622, 643, 99 S.Ct. 3035, 61 L.Ed.2d 797 (1979)). The waiver must be granted if the minor can convince the finder of fact either that she is mature enough to decide about an abortion on her own or that the proposed abortion would be in her best interest. *See Ohio v. Akron Ctr. for Reprod. Health II*, 497 U.S. 502, 511, 110 S.Ct. 2972, 111 L.Ed.2d 405 (1990); *Lawall*, 180 F.3d at 1027-28.

Plaintiffs argue that the Act is unconstitutional, because it fails to provide an adequate bypass to parental consent. Plaintiffs first contest the Act's venue restriction. The Act requires that a minor seeking judicial bypass of the parental consent requirement file her petition in the judicial district where she resides. *See* Idaho Code § 18-609A(1)(b)(i). Plaintiffs argue that under the Act, a non-Idaho minor who wanted an abortion in Idaho would be unable to satisfy the venue requirement and would have no choice other than to seek parental consent. In addition, with respect to resident minors, Plaintiffs argue that the venue provision does not provide the minor with the flexibility she needs to preserve her confidentiality. Plaintiffs contend that minors living in rural communities will risk being seen by friends, neighbors, and relatives, if forced to travel to the nearest courthouse. Thus, Plaintiffs assert that the Act's venue restriction would prevent minors from seeking a bypass.

Plaintiffs also contest that the Act's judicial bypass procedure fails to guarantee minors the right to legal counsel. The Act states that the minor is to get assistance in filing the petition if the minor so desires a guardian ad litem, however, if no qualified guardian ad litem is available, the court may appoint some other person to act in the capacity of guardian ad litem. *See* Idaho Code § 18-609A(1)(b)(i), (iii). Plaintiffs argue that the Act does not specify that the "other person" must be a guardian ad litem or an attorney at all. Plaintiffs assert that these provisions do not

Order - page 7

sufficiently protect a minor's rights to have legal counsel to represent her interests in a bypass proceeding.

Finally, Plaintiffs contest the Act's bypass procedure time frame. A judicial bypass proceeding "must assure that a resolution of the issue, and any appeals that follow, will be completed with sufficient expedition to provide an effective opportunity for an abortion to be obtained." *See Lawall*, 180 F.3d at 1028. The Act requires that a hearing be held no later than five days from the filing of the petition and that an order shall be entered no later than five days after the conclusion of the hearing. *See* Idaho Code § 18-609A(1)(b)(iii),(iv). However, Plaintiffs note that a court "may enlarge the times set forth pursuant to this subsection upon the request of the minor or upon other good cause appearing." See § 18-609A(1)(d). Plaintiffs assert that without a definition of "good cause" or a finite time limit in which a petition must be finally adjudged, the Acts' bypass procedure fails to guarantee expediency. *See Glick v. Mckay*, 937 F.2d 434, 440-41 (9th Cir. 1991), *overruled on other grounds by Lambert v. Wickland*, 520 U.S. 292, 117 S.Ct. 1169, 137 L.Ed.2d 464 (1997) (parental notice law with no specified time limit for court ruling on waiver petition is unconstitutional).

Defendants disagree with Plaintiffs' characterization of the Act and argue that the judicial bypass procedure which Idaho has enacted has repeatedly been sustained as constitutional. Defendants first address the venue restriction provision. Defendants contend that this provision does not mention non-residents only residents, therefore it does not apply to non-residents seeking an abortion in Idaho. As for confidentiality, Defendants assert that the geographic logistics of Idaho's judicial districts provide multiple options to any young woman to assure that she can distance her case from her home area.

Next, Defendants address a minor's right to counsel in the judicial bypass procedure. Defendants assert that the Act does recognize the limitation of a minor in understanding the judicial process, and therefore provides for assistance and appointment of a guardian ad litem. However, Defendants argue that no absolute right to assistance in such a situation has ever been articulated.

Finally, Defendants address the time frame of the judicial bypass procedure. Defendant's argue that Idaho's district courts are not only admonished that this proceeding is to be expedited, but are mandated that a decision will be entered within ten days of the application. Defendants contend that this time frame is substantially less than the statute challenge in the case of *Ohio v. Akron Ctr. for Reprod. Health, II* 497 U.S. 502, (1990), which was likely to result in up to a 22 day delay and was yet held constitutional. While the Act does provide for an expansion of that time when good cause is shown, Defendants argue that any such decision will be based on the best interest of the minor.

3.      Medical Emergency Exception

Women, including minors subject to a parental consent requirement, are entitled to an emergency abortion to protect their health. *See Casey*, 505 U.S. at 880. "Statutes regulating abortions must permit doctors to perform immediate abortion when necessary to avert significant health risks to the woman." *Lawall*, 180 F.3d at 1033 (citing *Casey*, 505 U.S. at 880.)

**Plaintiffs contend that the Act's medical emergency exception to the requirement that a** physician receive legal consent prior to performing an abortion, is too restrictive and unconstitutional. Plaintiffs point to the specific language that the woman's condition must be "sudden and unexpected." *See* Idaho Code § 18-609A(5)(c)(i). Plaintiffs argue that a woman

Order - page 9

with a chronic medical condition, such as kidney or heart disease, would not meet the definition of "medical emergency" because the physical condition was neither "sudden or unexpected."

Plaintiffs also argue that the Act fails to provide an adequate bypass of parental notification after an emergency abortion. The Act allows a bypass of this notification only if the physician reasonably believes that the minor is abandoned or homeless or that her physical safety would be jeopardized by parental notification. *See* Idaho Code § 18-609A(1)(a)(v). Plaintiffs contend that the Act penalizes a minor who needs an emergency abortion because notification of her parent would be required even if she would have been able to bypass the parental consent requirement had she not faced the emergency. Moreover, Plaintiffs assert that the Act will "chill" minors' exercise of their rights in the situation in which they need it most - when their health is threatened.

Finally, Plaintiffs argue that the objective standard and vague terminology of the Act's Medical Emergency Provisions violate the Due Process rights of the Plaintiff providers. The Act requires that the medical emergency be a condition that "in the reasonable medical judgment of any ordinarily prudent physician acting under the circumstances and conditions then existing" necessitates the abortion. *See* Idaho Code § 18-609A(5)(c)(i). Plaintiffs assert that by imposing this objective standard, the Act subjects the physician's conduct to the second guessing of juries and perhaps prosecutors (as a violation of the Act may carry criminal penalties). Therefore, with the possibility of serious criminal penalties attached to the Act, Plaintiffs argue that the physician's willingness to provide life or health-saving medical procedures will be chilled.

Defendants argue that the medical emergency provision is more than adequate. Defendants contend that the provisions of when an medical emergency exists are clear.

Furthermore, Defendants argue such a determination is one that physicians make regularly and would be based on what a reasonable physician would do under like circumstances.

As for post emergency abortion notification, Defendants point to the presumed immaturity of a minor. Defendants assert that while an adult has the maturity and capability to understand the serious nature of the surgery and takes steps to assure that follow up care is appropriate, minors do not. Defendants contend that the Act provides for the involvement of an adult in the decision and necessities that follow such a procedure. Therefore, Defendants argue that notification provides the minor with the same rights as an adult in the same circumstances.

B.   Conclusion

In conclusion, the Court reviews the matter in accordance with the standard cited above. The Court has considered the arguments of both parties and finds that Plaintiffs have demonstrated that valid questions exits as to whether the issues raised by Plaintiffs present an undue burden for women seeking an abortion in Idaho in violation of the Constitution.

Plaintiffs contend that the balance of hardships tips sharply in their favor. Plaintiffs again point to the "positive identification" requirement, the judicial bypass procedure, and the medical emergency exception to parental notification. Plaintiffs argue that the harm to Plaintiffs and their patients in implementing the new law far exceeds any harm to defendants in carrying forward the existing policies of the state pending a final decision on the merits of this case. In response, Defendants have not addressed the issue of hardship.

At this point, the Court is not focused on the likelihood of success on the merits, but more on the harm that could occur on the sliding scale continuum of the standard of review. The Court notes that the Act was signed into law on February 2, 2000, but was not made to be effective until

July 1, 2000. Therefore, the Court does not find any significant harm to the State by delaying implementation a few more weeks pending a review on the merits. The Court finds that it is appropriate to enter the temporary restraining order at this time to maintain the status-quo until the merits of a preliminary injunction can be given proper consideration.

## **ORDER**

Based upon the foregoing, the Court being fully advised in the premises, IT IS HEREBY ORDERED that:

(1) Plaintiffs Application for a Temporary Restraining Order, filed June 26, 2000 is GRANTED.

(2) The implementation of the Act is therefore enjoined until such time as the Court issues a ruling on the Preliminary Injunction.

(3) The Court sets forth the following briefing schedule:

   (a) The Defendants shall file their briefing addressing the Preliminary Injunction on July 28, 2000.

   (b) Plaintiffs shall file their reply briefing on August 7, 2000.

   (c) A Preliminary Injunction Hearing will be set on August 16, 2000, at 9:30 a.m. before the Honorable Mikel H. Williams.

DATED this _____ day of July, 2000.

MIKEL H. WILLIAMS
United States Magistrate Judge

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 10th day of July, 2000, to the following:

B NEWALL SQUYRES
HOLLAND & HART
P O BOX 2527
BOISE ID 83701

HELENE T KRASNOFF
PLANNED PARENTHOOD
1120 CONNECTICUT AVE N W STE 461
WASHINGTON DC 20036

ROGER K EVANS
PLANNED PARENTHOOD
810 SEVENTH AVE
NEW YORK NY 10019

CLINTON E MINOR
DAVID W LLOYD
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVN
P O BOX 83720
BOISE ID 83720-0010

CARY COLAIANNI
ADA COUNTY PROSECUTOR'S OFFICE
650 MAIN ST
BOISE ID 83702

Cameron S. Burke, Clerk
United States District Court

by Deputy Clerk

# UNITED STATES DISTRICT & BANKRUPTCY COURT
## FOR THE DISTRICT OF IDAHO




U S COURTHOUSE & FEDERAL BUILDING
550 W FORT ST - MSC 039
BOISE, IDAHO   83724

## FACSIMILE TRANSMITTAL SHEET

DATE: 7-7-2000

NUMBER OF PAGES INCLUDING THIS COVER SHEET: 15

THE FOLLOWING PAGES ARE BEING FAXED:

**TO:** ② David Lloyd / Clinton Minor
① Newall Squyres / Helene Krasnoff / Roger Evans

**PHONE:**

**FAX NO:** ① 343-8869
② 334-2830

**FROM:** LISA J. MESLER, Staff Attorney to the Hon. Mikel H. Williams
(e-mail address: lisa_mesler@ce9.uscourts.gov)

**PHONE:** (208) 334-9330
**FAX NO:** (208) 334-9215

**RE:** Planned Parenthood v Lance, et al

**MESSAGE:** Counsel - Here is the judge's order on the TRO. It will also be served by mail.

P.S. - Newall: Sorry - I do not have fax numbers for Helene or Roger & am unable to reach anyone at their offices at this hour - LISA