Helene T. Krasnoff
Planned Parenthood Federation of America
1780 Massachusetts Avenue, N.W.
Washington, DC  20036
Telephone:  (202) 973-4800

Roger K. Evans
Dara Klassel
Eve C. Gartner
Planned Parenthood Federation of America
810 Seventh Avenue
New York, NY  10019
Telephone:  (212) 261-4708

B. Newal Squyres
Cooperating Counsel for American Civil
 Liberties Union of Idaho Foundation
Post Office Box 2527
Boise, Idaho  83701
Telephone:  (208) 342-5000

Of Counsel:
Louise Melling
Jennifer Dalven
Reproductive Freedom Project,
American Civil Liberties Union
125 Broad Street
New York, NY  10004
Telephone:  (212) 549-2637

U.S. COURTS

01 APR 27  PM 4: 19

REC'D_____FILED_____
CAMERON S. BURKE
CLERK          IDAHO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD OF IDAHO, INC. and GLENN H. WEYHRICH, M.D.,　) ) ) Plaintiffs, ) ) v. ) ) ALAN G. LANCE, Attorney General of ) the State of Idaho, and GREG BOWER, ) Ada County Prosecuting Attorney, ) ) Defendants. ) ) | Case No.  CV00-0353-S-MHW **SECOND AMENDED COMPLAINT** |

## I.    PRELIMINARY STATEMENT

1.  This action was brought pursuant to 42 U.S.C. § 1983 to enjoin the enforcement of 2000 Idaho Senate Bill No. 1299, amending Idaho's abortion laws to require a woman to show "positive identification" before obtaining an abortion and to require parental consent before a minor may obtain an abortion. *See* 2000 Idaho Senate Bill No. 1299, amending Chapter 6, Title 18 of the Idaho Code to add new Sections 18-609A and 18-614 and adopted by the Idaho Legislature in February 2000 ("the 2000 Act") (A copy of the 2000 Act was attached to the original Complaint as Exhibit A). Portions of the 2000 Act were enjoined by an order of this Court dated September 1, 2000.

2.  In response to this lawsuit and this Court's order, the Idaho legislature enacted 2001 Idaho House Bill No. 340. *See* 2001 Idaho House Bill No. 340, amending Chapter 6, Title 18 of the Idaho Code, Sections 18-605, 18-609A and 18-614 and adopted by the Idaho Legislature in March 2001 ("the 2001 Act") (A copy of the 2001 Act is attached to this Second Amended Complaint as Exhibit A). While the 2001 Act alters some of the claims in this case, it does not cure the constitutional defects in the statute and some of the new provisions violate the constitutional rights of the persons subject to the statute. The 2001 Act is scheduled to take effect July 1, 2001.

3.  The 2000 Act, as amended by the 2001 Act, ("the Acts") violate the rights of plaintiffs' minor patients as guaranteed by the fourteenth amendment to the United States Constitution by requiring that a physician obtain parental consent before performing an

SECOND AMENDED COMPLAINT - 2

abortion on a minor without providing an adequate mechanism to bypass the consent requirement. The bypass is inadequate because it fails to assure that the minor has appropriate access to a confidential and expeditious bypass proceeding with the assistance of legal counsel. The bypass is also ineffective because it requires that minors seeking bypasses trigger criminal investigations relating to their conduct. Further, there is no procedure in place to assure that minors will be able to procure an effective bypass proceeding.

4. The Acts' restrictive medical emergency provisions violate the rights of plaintiffs and their minor patients as guaranteed by the fourteenth amendment to the United States Constitution by failing to make clear and adequate provision for abortions when the woman's health is at risk. The medical emergency provisions of the Acts further violate the due process rights of plaintiffs' patients by requiring post-procedure notification of a parent, including in some cases notification of adult women's parents. This will deter women who need emergency abortions from seeking them and violate the rights of the women of Idaho.

5. The Acts also violate the plaintiff providers' due process rights by imposing strict liability on them with respect to the age of their patients, by failing to give them adequate notice of criminal statutes affecting their conduct, and by exposing them to liability based on an objective standard in the case of a medical emergency. These deficiencies will have the effect of making physicians reluctant to provide abortions in

SECOND AMENDED COMPLAINT - 3

certain situations, including emergencies.  These deficiencies will also have the effect of delaying abortions, thereby increasing the health risks and costs for the women of Idaho.

6.  If it goes into effect, the 2001 Act will cause immediate and irreparable harm to the women of Idaho seeking abortions and to Idaho's abortion providers.

## II.     JURISDICTION AND VENUE

7.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.  Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

8.  Venue is proper in this District pursuant to 28 U.S.C § 1391(b) because plaintiffs and defendants reside in the District of Idaho.

## III.    THE PARTIES

9.  Plaintiff, Planned Parenthood of Idaho, Inc. ("Planned Parenthood") is a not-for-profit corporation organized under the laws of Idaho and located in Boise.  Planned Parenthood provides medical and educational services to women and men.  Planned Parenthood's services include pregnancy diagnosis and counseling, contraceptive counseling, provision of all methods of birth control, HIV/AIDS testing and counseling, treatment of minor sexually transmitted infections and uncomplicated urinary tract infections, and cancer screening.  Planned Parenthood does not perform abortion services, but provides its patients with referrals to providers of those services.  Planned Parenthood sues on behalf of its patients.

10. Plaintiff, Glenn H. Weyhrich, M.D., is a physician licensed to practice medicine in the State of Idaho, and is a board-certified obstetrician and gynecologist who maintains a private ob/gyn practice in Boise.  Dr. Weyhrich provides an array of medical

SECOND AMENDED COMPLAINT - 4

services, including abortions through the sixteenth week of pregnancy as measured from the first day of the woman's last menstrual period ("LMP"). His patients seeking abortions come predominantly from the Boise area, but he also performs abortions on women from all regions of Idaho and a few surrounding states including Nevada and Oregon. Among Dr. Weyhrich's patients seeking abortions, fewer than 10 percent are women under the age of 18. Of these women, an overwhelming majority decide on their own to involve a parent or legal guardian in their decision to obtain an abortion, often bringing that person with them when they get the procedure. Dr. Weyhrich also has minor patients who are mature and/or who he believes would be harmed by a requirement to involve a parent. Dr. Weyhrich sues on his behalf and on behalf of his patients seeking abortions.

11. Defendant Alan G. Lance is the Attorney General of the State of Idaho. He is the chief legal officer for the state and is charged by law with enforcement of the Acts, supervision of all county attorneys and defense of the constitutionality of the laws of Idaho. Defendant Lance, whose office is in Boise, is sued in his official capacity, as are his agents and successors in office.

12. Defendant Greg Bower is the Ada County Prosecuting Attorney. He is charged by law with enforcement of the Acts. He is sued in his official capacity, as are his agents and successors in office.

SECOND AMENDED COMPLAINT - 5

## IV.   STATUTORY FRAMEWORK

13. The Acts provide in relevant part that:

> No person shall knowingly cause or perform an abortion upon
> a minor unless . . . [t]he attending physician has secured the
> written informed consent of the minor and the written
> informed consent of the minor's parent.

Idaho Code § 18-609A(1)(a). The parental consent requirement is waived if the minor is

emancipated and the attending physician has received written proof of emancipation; the

minor is found by a court to be mature, of sound mind and having sufficient intellectual

capacity to consent to the abortion for herself (as described in Idaho Code § 18-

609A(1)(b)); or a court has found that causing or performing the abortion, despite the

absence of informed consent by a parent, is in the best interests of the minor and issued

an order granting permission for the abortion (as described in Idaho Code § 18-

609A(1)(b)). Idaho Code § 18-609A(1)(a)(ii) – (iv). The Acts also waive the parental

consent requirement before an abortion when there is a medical emergency; however, the

physician must immediately notify a parent after the procedure. Idaho Code § 18-

609A(1)(a)(v).

### A.   Judicial Bypass

14. Subsection (1)(b) of Idaho Code § 18-609A purports to provide for a

proceeding by which a court may grant an order allowing a minor who is determined to

have sufficient maturity to "self-consent" to the abortion or giving judicial consent to the

abortion because it is in her best interests. The Acts require that the minor file a petition

under this subsection in "the county where the minor resides or the county where the

SECOND AMENDED COMPLAINT - 6

abortion is caused or performed." Idaho Code § 18-609A(1)(b)(i).  The petition must

include "[t]he name and address of each parent, guardian, or, if the minor's parents are

deceased or the minor is abandoned and no guardian ad litem has been appointed, the

name and address of any other person standing in loco parentis of the minor."  Idaho

Code § 18-609A(1)(b)(ii).

15. The Acts provide that a guardian ad litem may assist the minor in preparing the

petition, but only requires that the court "ensure that the minor is given assistance in

filing the petition if the minor so desires a guardian ad litem but no qualified guardian ad

litem is available."  Idaho Code § 18-609A(1)(b)(i).  If a minor requests a guardian ad

litem and none is available, "the court may appoint some other person to act in the

capacity of a guardian ad litem."  Idaho Code § 18-609A(1)(b)(iii).  There is no

provision in the Acts that guarantees the minor the right to counsel.

16. The Acts require that a hearing on the merits of the minor's petition be held no

later than five days from the filing of the petition and that the court enter an order no

later than five days after the conclusion of the hearing.  Idaho Code § 18-609A(1)(b)(iii),

(iv).  A notice of appeal from an order issued by the court must be filed within two days

of the issuance of the order.  Idaho Code § 18-609A(1)(c).  The record on appeal must

be completed and the appeal must be perfected by no later than five days from the filing

of notice of appeal.  *Id.*  The Acts also provide, however, that "[e]xcept for the time for

filing a notice of appeal, a court may enlarge the times set forth pursuant to this

subsection upon the request of the minor or upon other good cause appearing."  Idaho

Code § 18-609A(1)(d). The Acts state that appeals pursuant to this subsection "shall receive expedited appellate review," but do not provide any specific time limits within which the appeal must be resolved. *See* Idaho Code § 18-609A(1)(c).

17. The Acts require that "[i]f, in hearing the petition, the court becomes aware of allegations which, if true, would constitute a violation of any section of Title 18, Idaho Code, by a person other than the petitioner ... the court shall order, upon entry of final judgment in the proceeding under this subsection, that an appropriate investigation be initiated or an appropriate information, complaint or petition be filed." Idaho Code § 18-609A(1)(b)(iv). The Acts state that "[s]uch allegations shall be forwarded by the court with due consideration for the confidentiality of the proceedings under this section." *Id.*

18. The Acts state that "[a]ll records contained in court files of judicial [bypass] proceedings ... shall be confidential and exempt from disclosure pursuant to Section 9-340G, Idaho Code." Idaho Code § 18-609A(1)(g). The Acts further provide that "[d]ockets and other court records shall be maintained and court proceedings undertaken so that the names of the parties to actions brought ... will not be disclosed to the public." *Id.* The Acts state that a hearing on a minor's bypass petition "shall be heard by a district judge on the record in a closed session of the court." There is no similar provision with respect to the appeal of a denial of a bypass petition.

SECOND AMENDED COMPLAINT - 8

**B.     Medical Emergency Exception**

19. The Acts provide in relevant part that:

> No person shall knowingly cause or perform an abortion upon
> a minor unless . . . [a] medical emergency exists for the minor
> so urgent that there is insufficient time for the physician to
> obtain the informed consent of a parent or a court order and
> the attending physician certifies such in the pregnant minor's
> medical records.

Idaho Code § 18-609A(1)(a)(v).

20. The Acts define "medical emergency" as:

> [A] sudden and unexpected physical condition which, in the
> reasonable medical judgment of any ordinarily prudent
> physician acting under the circumstances and conditions then
> existing, is abnormal and so complicates the medical
> condition of the pregnant minor as to necessitate the
> immediate causing or performing of an abortion: 1. To
> prevent her death; or 2. Because a delay in causing or
> performing an abortion will create serious risk of immediate,
> substantial and irreversible impairment of a major physical
> bodily function of the patient.

Idaho Code § 18-609A(5)(c)(i).  The Acts specify that a "medical emergency" does not

include "[a]ny physical condition that would be expected to occur in normal pregnancies

of women of similar age, physical condition and gestation" or "[a]ny condition that is

predominantly psychological or psychiatric in nature."  Idaho Code § 18-609A(5)(c)(ii).

This definition fails to encompass emergency abortions necessary as a result of a

woman's physical condition that is not "sudden or unexpected" or emergency abortions

necessary to prevent non-immediate or reversible bodily damage; damage to non-bodily,

i.e., mental health; and damage to minor physical bodily functions.

SECOND AMENDED COMPLAINT - 9

21. The Acts require that immediately after an abortion performed in the case of medical emergency, the physician "attempt to provide a parent of an unemancipated minor actual notice of the medical emergency." Idaho Code § 18-609A(1)(a)(v). If a parent cannot be "immediately contacted" for actual notification, the physician must "with due diligence, attempt to provide actual notification to a parent for an eight hour period" following the abortion. *Id.* Notwithstanding those requirements, a physician who performs an abortion on a minor in the case of medical emergency must provide actual notification to a parent within twenty-four hours of the procedure by one of several means set forth in the Acts. *See Id.*

22. The Acts make no provision for waiver of the actual notification requirement unless a physician believes that the minor is homeless or abandoned or that her physical safety would be jeopardized by parental notification, in which case, the physician is required to make a report to a law enforcement agency. Idaho Code § 18-609A(1)(a)(v).

## C.   Defenses to Prosecution

23. The Acts provide a defense to criminal or administrative prosecution for a physician if:

> prior to causing or performing the abortion the physician obtains either positive identification or other documentary evidence from which a reasonable person would have concluded that the woman seeking the abortion was either an emancipated minor or was not then a minor and if the physician retained, at the time of receiving the evidence, a legible photocopy of such evidence in the physician's office file for the woman.

SECOND AMENDED COMPLAINT - 10

Idaho Code § 18-614(1). This is "an affirmative defense that shall be raised by the

defendant and is not an element of any crime or administrative violation that must be

proved by the state" and is not a defense to a civil claim. *Id.*

24. The Acts provide another defense to criminal or administrative prosecution for

a physician who performs an abortion on a minor in the case of a medical emergency if:

> as soon as possible but in no event longer than twenty-four
> (24) hours after performing the abortion, the physician
> obtained positive identification or other documentary
> evidence from which a reasonable person would have
> concluded that the woman seeking the abortion was either an
> emancipated minor or was not then a minor and if the
> physician retained, at the time of receiving the evidence a
> legible photocopy of such evidence in the physician's office
> file for the woman.

Idaho Code § 18-614(2). This is also "an affirmative defense that shall be raised by the

defendant and is not an element of any crime or administrative violation that must be

proved by the state" and is not a defense to a civil claim. *Id.*

25. The Acts provide a defense to criminal, civil or administrative prosecution in

the case of medical emergency, if "the physician after reasonable inquiry, is unable to

determine whether or not the woman is a minor," and he "tak[es] any action that would

have been required" by Section 18-609A(1)(a)(v). *See* Idaho Code § 18-614(3).

26. For the purpose of these defenses to prosecution, "positive identification"

means "a lawfully issued state, district, territorial, possession, provincial, national or

other equivalent government driver's license, identification card or military card, bearing

SECOND AMENDED COMPLAINT - 11

the person's photograph and date of birth, the person's valid passport or a certified copy of the person's birth certificate." Idaho Code § 18-614(4).

### D.    Penalties

27. A physician who violates the Acts is subject to professional discipline and civil penalties as well criminal penalties of $5000 and up to five years in prison. *See* Idaho Code § 18-605. To be found liable under the Acts, a physician must knowingly cause or perform an abortion, but the Acts have no requirement with respect to the physician's knowledge that his patient is a minor. *See* Idaho Code § 18-609A(1)(a).

28. The Acts also impose criminal penalties of $5000 and up to five years in prison upon a physician's accomplices and accessories and any woman who "knowingly submits" to the abortion. *See* Idaho Code §§ 18-606.

29. The Acts further provide that any person who is injured by the performing of an abortion on a minor in violation of the Acts "shall have a private right of action to recover all damages sustained as a result of such violation, including reasonable attorney's fees if judgment is rendered in favor of plaintiff." Idaho Code § 18-609A(3).

30. The 2001 Act is to take effect July 1, 2001. *See* Idaho Code § 67-510.

## V.    STATEMENT OF FACTS

31. According to the Idaho Department of Health and Welfare's Center for Vital Statistics and Health Policy, there were 888 induced abortions performed in the state of Idaho in 1998. Upon information and belief, a similar number of procedures were performed in 1999 and 2000 and will be performed in 2001 absent enforcement of the Acts.

SECOND AMENDED COMPLAINT - 12

32. Abortions are only rarely performed in Idaho after 16 weeks LMP. Of the abortions performed in 1998, only fifteen were performed after 16 weeks LMP, and of those fifteen, only 5 were performed from 20 weeks LMP on. Generally, if a woman in Idaho is seeking to terminate her pregnancy after 16 weeks LMP, she must travel to another state to obtain an abortion.

33. The risks associated with childbirth are 22 times the risks associated with an abortion at twelve weeks or earlier and twice the risk of abortion after twelve weeks. At no time before 21 weeks do the risks of abortion exceed those incurred with childbirth.

34. Although abortion through the 21st week of pregnancy is significantly safer than pregnancy and childbirth, delay of any length in performing an abortion increases the risk to the woman seeking to obtain the abortion. The increase in risk becomes statistically significant when delay reaches one week. Delays of any length may be sufficient to prolong a woman's pregnancy into the second trimester, thereby significantly increasing the cost, inconvenience and risk associated with the procedure.

### A.    Parental Consent

35. Of the Idaho residents who obtained abortions in 1998, approximately 9 percent of them were women under the age of 18. Upon information and belief, a similar percentage of the abortions performed in 1999 and 2000 were obtained by minors. These figures do not include minors from other states who obtained abortions in Idaho to whom the Acts also apply.

SECOND AMENDED COMPLAINT - 13

36. When a minor does not involve a parent in her decision to terminate her pregnancy, she generally has compelling reasons. Such reasons include fear of physical violence against the minor or other family members; of being forced to leave home; of being forced to carry an unwanted pregnancy to term; or other punishment of the minor; or of causing other problems between the minor and one parent or both parents or between the minor's parents. In addition, parents may refuse consent for an abortion, thus vetoing the minor's decision.

37. Nationally, seventeen percent of teenagers who undergo abortions obtain them after twelve weeks LMP. Even without parental consent requirements like those set forth in the Acts, minors already tend to seek abortions later in pregnancy than adults due to delays in discovering their pregnancies, fear of telling their parents or partner that they are pregnant, or difficulty in deciding how to deal with their pregnancy. The delay will often be compounded by scheduling difficulties resulting from the limited hours when clinics are open, the limited hours when physicians are available to perform abortions, transportation requirements, the minor's work and/or school commitments, and the parent's family or work obligations.

38. The Acts' venue restriction, which requires that the minor file her petition in the county in which she resides or where the abortion is caused or performed, unduly constrains a minor's ability to obtain a confidential and expeditious bypass because, among other things: it hinders her ability to seek the bypass in an area where she can avoid seeing someone she knows; it separates her from resources in other counties that

SECOND AMENDED COMPLAINT - 14

may be available to assist her in the judicial bypass process; and it denies her the flexibility she needs to procure the bypass as quickly as possible.

39. The Acts' timeframes for the district court to hear and rule on a minor's bypass petition, the ability of judges to extend those timeframes for "good cause," and the lack of any time limit within which appeals must be resolved fail to provide minors with an expeditious bypass and will prevent some minors from obtaining abortions.

40. The Acts' requirement that a minor file a notice of appeal within two days of the issuance of the district court's order denying her bypass petition will prevent some minors from obtaining abortions.

41. Minors have confidentiality concerns, and the Acts fail to assure a minor that a bypass hearing and any appeals that follow will be conducted in a way that satisfactorily preserves her confidentiality. The provisions of the Acts relating to court records and dockets do not adequately protect the identity of the minor. Moreover, the Acts contain no provision to guarantee the confidentiality of the appeal of a denial of a bypass petition, including any hearing on such an appeal.

42. The Acts require that, as a condition of exercising their constitutional right to seek a judicial bypass, minors trigger, at a minimum, criminal investigations relating to their conduct. Under these circumstances, a minor is deprived of the ability to obtain an effective and confidential bypass.

SECOND AMENDED COMPLAINT - 15

43. The Acts' failure to guarantee that all minors seeking a judicial bypass are offered and may obtain the assistance of a lawyer deprives minors of the opportunity to seek an effective bypass.

**B.  Medical Emergency**

44. There are urgent medical situations that necessitate an immediate abortion.  In these situations, delay of a couple of weeks or even a few days could place the health – or the life – of the woman in jeopardy.

45. Without knowing precisely how long the district and appellate courts will take to hear and rule on a minor's bypass petition, a doctor will, in some circumstances, be unable to certify with any degree of certainty that there is insufficient time to obtain a court order prior to performing an abortion necessary to preserve a woman's health or life.

46. Some women have chronic medical conditions, such as kidney or heart disease, that will cause the woman to need an abortion on an emergency basis although her physician originally believed that she would be able to carry a pregnancy to term. Depending on how far her condition has deteriorated, requiring a woman in this situation to wait to have an abortion poses serious risks to her health and, potentially, her life.

47. Some minors needing emergency abortions, like other minors, have compelling reasons for not involving a parent in their decisions to have abortions and/or are sufficiently mature to make those decisions without parental involvement.

## C.     Defenses to Prosecution

48. Among plaintiffs' patients are women who do not have and/or will not be able to access within 24 hours "positive identification" as it is defined in the Acts or "other documentary evidence from which a reasonable person would have concluded that ... [she] was either an emancipated minor or was not then a minor."

49. Even if a woman could access the documentary evidence required by the Acts within 24 hours of an emergency abortion, Section 18-614(2) provides no defense because by waiting to obtain such evidence, the physician will have already violated the Acts requirements that he "immediately" contact the parent and that he "attempt to provide actual notification to a parent for an eight hour period" following the abortion. This will result in the violation of the rights of plaintiffs' patients.

50. For some women seeking an emergency abortion, their physician will be unable to determine "after reasonable inquiry" whether or not they are minors.  Because Section 18-614(3) does not specify what constitutes "reasonable inquiry" and because this Section provides immunity to a physician who notifies an adult woman's parents, some adult women suffering medical emergencies will have their parents notified of their abortion in violation of their rights.

## D.     Penalties

51. Section 18-609A(1)(a) improperly imposes strict liability on a physician with respect to a minor's age.  Under the Acts, a physician may be subject to administrative, civil and/or criminal liability even if he in good faith believed that his patient was an

SECOND AMENDED COMPLAINT - 17

adult. This lack of scienter with respect to minority will chill physicians' willingness to provide abortions and infringe on the rights of plaintiffs and their patients.

## CLAIMS FOR RELIEF

## COUNT I – RIGHT TO DUE PROCESS OF LAW

52. Plaintiffs hereby reaffirm and reallege each and every allegation made in ¶¶1-51 above as if set forth fully herein.

53. The Acts violate the rights of plaintiffs' patients to privacy as guaranteed by the fourteenth amendment to the United States Constitution in, including but not limited to, the following ways:

    a) by failing to provide an adequate judicial bypass to parental consent;

    b) by failing to make adequate provision for abortion in any case where the woman's health is at risk; and

    c) by requiring parental notification in the case of a medical emergency.

## COUNT II – RIGHT TO DUE PROCESS OF LAW

54. Plaintiffs hereby reaffirm and reallege each and every allegation made in ¶¶1-53 above as if set forth fully herein.

55. The Acts violate the rights of plaintiff providers to due process as guaranteed by the fourteenth amendment to the United States Constitution in, including but not limited to, the following ways:

    a) by containing vague and/or conflicting terms that fail to give clear notice of what conduct is prohibited and/or required;

SECOND AMENDED COMPLAINT - 18

       b)  by imposing strict liability on physicians with respect to their patients'
minority;

       c)  by failing to give adequate notice of what constitutes a "medical
emergency";

       d)  by failing to give adequate notice of what is "insufficient time for the
physician to obtain … a court order;" and

       e)  by utilizing an objective standard in imposing liability under the
"medical emergency" provisions.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that this Court:

1.  Issue a declaratory judgment that 2001 Idaho House Bill No. 340, amending
Chapter 6, Title 18 of the Idaho Code, Sections 18-605, 18-609A and 18-614 and
adopted by the Idaho Legislature in March 2001, and 2000 Idaho Senate Bill No. 1299,
amending Chapter 6, Title 18 of the Idaho Code to add new Sections 18-609A and 18-
614 and adopted by the Idaho Legislature in February 2000, violate the rights of
plaintiffs and their patients as protected by the fourteenth amendment to the United
States Constitution and is therefore void and of no effect;

2.  Issue preliminary and permanent injunctive relief, without bond, restraining the
enforcement, operation and execution of 2001 Idaho House Bill No. 340, amending
Chapter 6, Title 18 of the Idaho Code, Sections 18-605, 18-609A and 18-614 and
adopted by the Idaho Legislature in March 2001, and 2000 Idaho Senate Bill No. 1299,

SECOND AMENDED COMPLAINT - 19

amending Chapter 6, Title 18 of the Idaho Code to add new Sections 18-609A and 18-614 and adopted by the Idaho Legislature in February 2000, by enjoining defendants, their agents, employees, appointees or successors from enforcing, threatening to enforce or otherwise applying the provisions of those Acts;

3. Grant plaintiffs attorneys' fees, costs and expenses pursuant to 42 U.S.C. § 1988; and

4. Grant such further relief as this Court deems just and proper.

SECOND AMENDED COMPLAINT - 20

Dated:  April 27, 2001

Respectfully submitted,

B. Newal Squyres
Cooperating Counsel for American Civil
  Liberties Union of Idaho Foundation
P. O. Box 2527
Boise, Idaho  83701-2527
(208) 342-5000

Helene T. Krasnoff
Planned Parenthood Federation of America
1780 Massachusetts Avenue, N.W.
Washington, DC  20036
(202) 973-4800

Roger K. Evans
Dara Klassel
Eve C. Gartner
Planned Parenthood Federation of America
810 Seventh Avenue
New York, NY  10019
(212) 261-4708

Attorneys for Plaintiffs


Of Counsel:

Louise Melling
Jennifer Dalven
Reproductive Freedom Project
American Civil Liberties Union
125 Broad Street
New York, NY  10004
(212) 549-2637


SECOND AMENDED COMPLAINT - 21

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of April 2001, I caused to be served a true and correct copy of the foregoing by the method indicated below, and addressed to the following:

Alan G. Lance, Esq.
Office of the Attorney General
Clinton E. Minor
David W. Lloyd
Civil Litigation Division
Len B. Jordan Building
650 W. State Street
      Boise, Idaho 83720
Fax: (208) 334-2830

☐ U.S. Mail
☑ Hand Delivered
☐ Overnight Mail
☐ Telecopy (Fax)

Richard A. Hearn, ISB No. 5574
RACINE, OLSON, NYE, BUDGE
    & BAILEY, CHARTERED
201 East Center
P. O. Box 1391
Pocatello, Idaho 83201
Fax: (208)-232-6109

☑ U.S. Mail
☐ Hand Delivered
☐ Overnight Mail
☐ Telecopy (Fax)

William T. Sali
Attorney for *amicus curiae*
Idaho Family Defense Fund, Inc.,
    on behalf of Idaho Chooses Life
    Alliance, Inc.
P. O. Box 71
Kuna, Idaho 83634
Fax: (208) 376-4404

☑ U.S. Mail
☐ Hand Delivered
☐ Overnight Mail
☐ Telecopy (Fax)

_____
B. Newal Squyres

2795963_1.DOC

SECOND AMENDED COMPLAINT - 22

# HOUSE BILL NO. 340

View <u>Daily Data Tracking History</u>
View <u>Bill Text</u>
View <u>Statement of Purpose / Fiscal Impact</u>

Text to be added within a bill has been marked with Bold and Underline. Text to be removed has been marked with Strikethrough and Italic. How these codes are actually displayed will vary based on the browser software you are using.
**<u>This sentence is marked with bold and underline to show added text.</u>**
~~*This sentence is marked with strikethrough and italic, indicating text to be removed.*~~

# Daily Data Tracking History

```
H0340.................................................by STATE AFFAIRS
ABORTION - Amends, repeals and adds to existing law to revise penalties
relating to unlawful abortions; to provide that a petition may be filed in
the county where a minor resides or in the county where the abortion is
caused or performed; to provide for initiation of an investigation or
filing of an information, complaint or petition against a person other than
the petitioner, based upon certain allegations of which the court is made
aware during a petition hearing; to provide that if a minor would have been
privileged to withhold information or evidence that was required as proof
under Section 18-609A, Idaho Code, then her answers given, evidence
produced and information directly or indirectly derived from her answers
may not be used against her in a criminal case except that she may be
prosecuted or subjected to penalty or forfeiture for any perjury, false
swearing or contempt committed in answering, failing to answer or producing
or failing to produce evidence as required by the court; and to provide
defenses to prosecution.


02/28    House intro - 1st rdg - to printing
03/01    Rpt prt - to St Aff
03/05    Rpt out - rec d/p - to 2nd rdg
03/06    2nd rdg - to 3rd rdg
03/08    3rd rdg - PASSED - 66-2-2
         AYES -- Barraclough, Barrett, Bedke, Bell, Bieter, Black, Boe, Bolz,
         Bradford, Bruneel, Callister, Campbell, Chase, Clark, Collins, Crow,
         Cuddy, Deal, Denney, Ellis, Ellsworth, Eskridge, Field(13),
         Field(20), Gagner, Gould, Hadley, Hammond, Harwood, Henbest, Higgins,
         Hornbeck, Jones, Kellogg, Kendell, Kunz, Lake, Langford, Loertscher,
         Mader, Marley, McKague, Meyer, Montgomery, Mortensen, Moss, Moyle,
         Pearce, Pischner, Pomeroy, Raybould, Ridinger, Roberts, Robison,
         Sali, Schaefer, Shepherd, Smylie, Stevenson, Swan, Tilman, Trail,
         Wheeler, Wood, Young, Mr. Speaker
         NAYS -- Jaquet, Stone
         Absent and excused -- Sellman, Smith
     Floor Sponsor -- Kunz
     Title apvd - to Senate
03/09    Senate intro - 1st rdg - to St Aff
03/19    Rpt out - rec d/p - to 2nd rdg
03/20    2nd rdg - to 3rd rdg
03/21    3rd rdg - PASSED - 23-10-2
         AYES -- Andreason, Boatright, Branch, Brandt, Bunderson, Burtenshaw,
```

EXHIBIT

A

Cameron, Darrington, Davis, Frasure, Geddes, Goedde, Hawkins, Ipsen,
King-Barrutia, Lee, Lodge, Richardson, Risch, Sandy, Thorne, Wheeler,
Williams,
NAYS -- Deide, Dunklin, Ingram, Keough, Noh, Schroeder, Sims,
Stegner, Stennett, Whitworth
Absent and excused -- Danielson, Sorensen
  Floor Sponsor -- King-Barrutia
  Title apvd - to House
03/22    To enrol - rpt enrol - Sp signed
03/23    Pres signed
03/26    To Governor
03/31    Governor signed
         Session Law Chapter 277
         Effective: 07/01/01

# Bill Text

| | | |            LEGISLATURE OF THE STATE OF IDAHO        | | | |
Fifty-sixth Legislature                 First Regular Session - 2001


                        IN THE HOUSE OF REPRESENTATIVES

                            HOUSE BILL NO. 340

                        BY STATE AFFAIRS COMMITTEE

 1                              AN ACT
 2    RELATING TO ABORTIONS; AMENDING SECTION 18-605, IDAHO CODE, TO  REVISE  PENA
 3        TIES  RELATING  TO  UNLAWFUL  ABORTIONS AND TO MAKE TECHNICAL CORRECTION
 4        AMENDING SECTION 18-609A, IDAHO CODE, TO PROVIDE THAT A  PETITION  MAY
 5        FILED  IN THE COUNTY WHERE THE MINOR RESIDES OR THE COUNTY WHERE THE ABO
 6        TION IS CAUSED OR PERFORMED, TO PROVIDE FOR INITIATION OF AN INVESTIGATI
 7        OR FILING OF AN INFORMATION, COMPLAINT OR PETITION AGAINST A PERSON  OTH
 8        THAN  THE  PETITIONER BASED UPON CERTAIN ALLEGATIONS OF WHICH THE COURT
 9        MADE AWARE DURING A PETITION HEARING AND TO PROVIDE THAT IF A MINOR  WOU
10        HAVE BEEN PRIVILEGED TO WITHHOLD INFORMATION OR EVIDENCE THAT WAS REQUIR
11        AS  PROOF  UNDER SECTION 18-609A, IDAHO CODE, THEN HER ANSWERS GIVEN, EV
12        DENCE PRODUCED AND INFORMATION DIRECTLY OR  INDIRECTLY  DERIVED  FROM  H
13        ANSWERS MAY NOT BE USED AGAINST HER IN A CRIMINAL CASE EXCEPT THAT SHE M
14        BE PROSECUTED OR SUBJECTED TO PENALTY OR FORFEITURE FOR ANY PERJURY, FAL
15        SWEARING  OR CONTEMPT COMMITTED IN ANSWERING, FAILING TO ANSWER OR PRODU
16        ING OR FAILING TO PRODUCE EVIDENCE AS REQUIRED  BY  THE  COURT;  REPEALI
17        SECTION  18-614, IDAHO CODE; AND AMENDING CHAPTER 6, TITLE 18, IDAHO CODE
18        BY THE ADDITION OF A NEW SECTION  18-614,  IDAHO  CODE,  TO  PROVIDE  F
19        DEFENSES TO PROSECUTION.

20    Be It Enacted by the Legislature of the State of Idaho:

21        SECTION 1.  That Section  18-605, Idaho Code, be, and the same is here
22    amended to read as follows:

23        18-605.  UNLAWFUL ABORTIONS -- PROCUREMENT OF -- PENALTY. **(1)** Every perso
24    **not licensed or certified to provide health care in Idaho** who, except as  per
25    mitted by this  ~~act~~ **chapter**, provides, supplies or administers any medicine
26    drug or substance to any woman or uses or  employs  any  instrument  or  oth
27    means  whatever  upon  any  then-~~-~~pregnant woman with intent thereby to ~~produ~~

28    **cause or perform** an abortion shall be guilty of a felony and  shall  be  fine
29    not  to  exceed  five thousand dollars ($5,000) and/or imprisoned in the sta
30    prison for not less than two (2) and not more than five (5) years.
31        **(2)  Any person licensed or certified to provide health care  pursuant  t**
32    **title  54,  Idaho Code, and who, except as permitted by the provisions of thi**
33    **chapter, provides, supplies or administers any medicine, drug or substance  t**
34    **any  woman  or uses or employs any instrument or other means whatever upon an**
35    **then-pregnant woman with intent to cause or perform an abortion shall:**
36        **(a)  For the first violation, be subject to professional discipline and b**
37    **assessed a civil penalty of not less than one thousand  dollars  ($1,000)**
38    **payable to the board granting such person's license or certification;**
39        **(b)  For  the  second  violation,  have  their license or certification t**
40    **practice suspended for a period of not less than six  (6)  months  and  b**
41    **assessed  a  civil penalty of not less than two thousand five hundred dol**
42    **lars ($2,500), payable to the board granting such person's license or cer**
43    **tification; and**

2

1        **(c)  For each subsequent violation, have their license or certification t**
2    **practice revoked and be assessed a civil penalty of  not  less  than  fiv**
3    **thousand  dollars  ($5,000),  payable  to the board granting such person'**
4    **license or certification.**
5        **(3)  Any person who is licensed or certified to provide health care pursu**
6    **ant to title 54, Idaho Code, and who knowingly violates the provisions of thi**
7    **chapter is guilty of a felony punishable as set forth  in  subsection  (1)  o**
8    **this  section,  separate  from and in addition to the administrative penaltie**
9    **set forth in subsection (2) of this section.**

10        SECTION 2.  That Section 18-609A, Idaho Code, be, and the same  is  here
11    amended to read as follows:

12        18-609A.  CONSENT REQUIRED FOR ABORTIONS FOR MINORS.
13        (1)  (a)  No  person  shall  knowingly cause or perform an abortion upon
14    minor unless:
15            (i)   The attending physician has secured the written  informed  co
16        sent  of  the  minor  and the written informed consent of the minor
17        parent; or
18            (ii)  The minor  is  emancipated  and  the  attending  physician  h
19        received  written  proof  of  emancipation  and  the  minor's  writt
20        informed consent; or
21            (iii) The minor has been granted the right  of  self-consent  to  t
22        abortion  by court order pursuant to paragraph (b) of this subsecti
23        and the attending physician has received the minor's written inform
24        consent; or
25            (iv)  A court has found that the causing or performing of  the  abo
26        tion,  despite the absence of informed consent of a parent, is in t
27        best interests of the minor and the court has issued an order, purs
28        ant to paragraph (b)(iv)2. of this  subsection,  granting  permissi
29        for  the causing or performing of the abortion, and the minor is ha
30        ing the abortion willingly, pursuant to paragraph (f) of this subse
31        tion; or
32            (v)   A medical emergency exists for the minor so urgent  that  the
33        is insufficient time for the physician to obtain the informed conse
34        of  a  parent  or a court order and the attending physician certifi
35        such in the pregnant minor's medical records. In so  certifying,  t
36        attending physician must include the factual circumstances supporti
37        his  professional  judgment  that a medical emergency existed and t
38        grounds for the determination that there  was  insufficient  time
39        obtain the informed consent of a parent or a court order. Immediate

40    after an abortion pursuant to this paragraph, the physician shall
41    with due diligence, attempt to provide a parent of an unemancipate
42    minor actual notification of the medical emergency. If the paren
43    cannot be immediately contacted for such actual notification, th
44    physician shall, with due diligence, attempt to provide actual noti
45    fication to a parent for an eight (8) hour period following the caus
46    ing or performing of the abortion and shall, until a parent receive
47    such notification, ensure that the minor's postabortion medical need
48    are met. Notwithstanding the above, a physician shall, within twenty
49    four (24) hours of causing or performing an abortion pursuant to thi
50    paragraph, provide actual notification of the medical emergency by:
51         1. Conferring with a parent or agent designated by the parent
52         and providing any additional information needed for the minor'
53         proper care, and, as soon as practicable thereafter, securin

3

1         the parent's written acknowledgement of receipt of such notifi
2         cation and information; or
3         2. Providing such actual notification in written form
4         addressed to the parent at the usual place of abode of the par
5         ent and delivered personally to the parent by the physician o
6         an agent with written acknowledgement of such receipt by th
7         parent returned to the physician; or
8         3. Providing such actual notification in written form and mail
9         ing it by certified mail, addressed to the parent at the usua
10        place of abode of the parent with return receipt requested an
11        restricted delivery to the addressee so that a postal employe
12        can only deliver the notice to the authorized addressee.
13             For the purposes of this section, "actual notification
14    includes, but is not limited to, a statement that an abortion wa
15    caused or performed, a description of the factual circumstances sup
16    porting the physician's judgment that the medical emergency existe
17    and a statement of the grounds for the determination that there wa
18    insufficient time to obtain the informed consent of a parent or
19    court order.
20             If the physician causing or performing such abortion reasonabl
21    believes that the minor is homeless or abandoned so that the parent
22    cannot be readily found or that the minor has suffered abuse o
23    neglect such that the minor's physical safety would be jeopardized i
24    a parent were notified that the abortion was caused or performed, th
25    physician shall, in lieu of notifying a parent as required above
26    make a report to a law enforcement agency pursuant to sectio
27    16-1619, Idaho Code, and a petition shall be filed pursuant to sec
28    tion 16-1605, Idaho Code, which petition shall include a reference t
29    this code section. Upon adjudication that the minor comes within th
30    purview of chapter 16, title 16, Idaho Code, either on the basis o
31    homelessness or abandonment such that no parent can be found, or o
32    the basis of abuse or neglect such that the minor's physical safet
33    would be in jeopardy if a parent were notified that the abortion wa
34    performed, the court shall, as a part of the decree, also order tha
35    the physician's duty to so notify a parent is relieved. In any othe
36    event, unless the court enters a finding that the best interests o
37    the child require withholding notice to a parent, the court shal
38    order that a parent receive actual notification of the medical emer
39    gency and the causing or performing of the abortion.
40    (b)  A proceeding for the right of a minor to self-consent to an abortio
41    pursuant to paragraph (a)(iii) of this subsection or for a court orde
42    pursuant to paragraph (a)(iv) of this subsection, may be adjudicated by
43    court as follows:

44        (i)   The  petition  shall  be  filed in the ~~judicial district~~ **count**
45        where the minor resides **or the county where the abortion is caused o**
46        **performed**. A minor shall have the legal capacity to make  and  prose
47        cute a petition and appeal as set out herein. A guardian ad litem m
48        assist  the minor in preparing her petition and other documents fil
49        pursuant to this section and may seek appointment as set forth belo
50        A guardian ad litem, whether prospective or  appointed,  must  be
51        attorney properly licensed in this state. The court shall ensure th
52        the  minor is given assistance in filing the petition if the minor
53        desires a guardian ad litem but no qualified  guardian  ad  litem
54        available.
55        (ii)  The petition shall set forth:

4

1        1.  The initials of the minor;
2        2.  The age of the minor;
3        3.  The  name  and  address of each parent, guardian, or, if t
4        minor's parents are deceased or the minor is  abandoned  and
5        guardian  has  been appointed, the name and address of any oth
6        person standing in loco parentis of the minor;
7        4.  That the minor has been fully informed of the risks and co
8        sequences of the abortion procedure to be performed;
9        5.  A claim that the minor is mature, of sound mind and has su
10        ficient intellectual capacity to consent  to  the  abortion  f
11        herself;
12        6.  A  claim  that,  if  the  court does not grant the minor t
13        right to self-consent  to the abortion, the  court  should  fi
14        that  causing or performing the abortion, despite the absence
15        the consent of a parent, is in the best interest  of  the  min
16        and give judicial consent to the abortion; and
17        7.  If so desired by the minor, a request that the court appoi
18        a  guardian ad litem, or, alternatively, if no guardian ad lit
19        is requested, that the court should consider whether appointme
20        of a guardian ad litem for the minor is appropriate.
21        The petition shall be signed  by  the  minor  and,  if  she  h
22        received assistance from a prospective guardian ad litem in prepari
23        the petition, by the guardian ad litem.
24        (iii) A  hearing  on the merits of the petition shall be held as so
25        as practicable but in no event later than five (5) days from the fi
26        ing of the petition. The petition shall be heard by a district  jud
27        on  the  record  in  a  closed  session of the court. The court sha
28        appoint a qualified guardian ad  litem  for  the  minor  if  one
29        requested  in  the petition. If no  qualified guardian ad litem
30        available, the court may appoint some other person to  act  in  t
31        capacity  of  a  guardian ad litem, who shall act to fulfill the pu
32        poses of this section and protect the  confidentiality  and  oth
33        rights of the minor.
34        At the hearing, the court shall, after establishing the identi
35        of  the  minor,  hear evidence relating to the emotional developmen
36        maturity, intellect and understanding of the minor; the nature of t
37        abortion procedure to be performed  and  the  reasonably  foreseeab
38        complications  and  risks to the minor from such procedure, includi
39        those related to future childbearing; the available  alternatives
40        the abortion; the relationship between the minor and her parents; a
41        any  other  evidence  that the court may find relevant in determini
42        whether the minor should be granted the right to self-consent to  t
43        abortion  or  whether the court's consent to causing or performing
44        the abortion, despite the absence of consent of a parent, is  in  t
45        best interests of the minor.

46       (iv)  The  order  shall  be entered as soon as practicable, but in n
47       event later than five (5) days after the conclusion of  the  hearing
48       If, by clear and convincing evidence, the court finds the allegation
49       of  the  petition  to be true and sufficient to establish good cause
50       the court shall:
51             1.  Find the minor sufficiently mature to decide whether to hav
52             the abortion and grant the petition and give the minor the righ
53             of self-consent to the abortion, setting forth the  grounds  fo
54             so finding; or
55             2.  Find the performance of the abortion, despite the absence o

5

1             the consent  of a parent, is in the best interests of the mino
2             and give judicial consent to the  abortion,  setting  forth  th
3             grounds for so finding.
4       If the court does not find the allegations of the petition to b
5       true  or  if  good cause does not appear from the evidence heard, th
6       court shall deny the petition, setting forth the grounds on which th
7       petition is denied.
8       If, in hearing the petition, the court becomes aware of  allega
9       tions  which, if true, would constitute a violation of any section o
10       title 18, Idaho Code, **by a person other than the petitioner,** or woul
11       bring a child within the purview of chapter 16, title 16, Idaho Cod
12       the court shall order, upon entry of final judgment in the proceedi
13       under this subsection, that an appropriate investigation be initiat
14       or an appropriate information, complaint or petition be  filed.  Su
15       allegations  shall  be  forwarded by the court with due considerati
16       for the confidentiality of the proceedings under  this  section.  **If**
17       **but  for the requirements for proof as set forth in this section, th**
18       **minor would have been  privileged to withhold  information  given  o**
19       **evidence  produced by her, the answers given or evidence produced an**
20       **any information directly or indirectly derived from her  answers  ma**
21       **not  be  used  against  the  minor  in any manner in a criminal case**
22       **except that she may nevertheless be prosecuted or subjected  to  pen**
23       **alty  or  forfeiture for any perjury, false swearing or contempt com**
24       **mitted in answering or failing to answer, or in producing or  failin**
25       **to produce, evidence as required by the court.**
26  (c)  A  notice of appeal from an order issued under the provisions of th
27  subsection shall be filed within two (2) days from the date of issuance
28  the order. The record on appeal shall be completed and the appeal shall
29  perfected as soon as practicable, but in no event later than five (5) da
30  from the filing of notice of appeal. Because time may be  of  the  essen
31  regarding  the  performance of the abortion, appeals pursuant to this su
32  section shall receive expedited appellate review.
33  (d)  Except for the time for filing  a  notice  of  appeal,  a  court  m
34  enlarge  the  times  set forth pursuant to this subsection upon request
35  the minor or upon other good cause appearing, with due  consideration  f
36  the expedited nature of these proceedings.
37  (e)  No filing, appeal or other fees shall be charged for cases or appea
38  brought pursuant to this section.
39  (f)  If a minor desires an abortion, then she shall be orally informed o
40  and,  if  possible,  sign the written consent required by this act, in t
41  same manner as an adult person. No abortion shall be caused  or  perform
42  on  any  minor  against her will, except that an abortion may be perform
43  against the will of a minor pursuant to court order  if  the  abortion
44  necessary to preserve the life of the minor.
45  (g)  All  records contained in court files of judicial proceedings arisi
46  under the provisions of this subsection, and subsection (3) of  this  se
47  tion, shall be confidential and exempt from disclosure pursuant to secti

48    9-340G, Idaho Code. Dockets and other court records shall be maintaine
49    and court proceedings undertaken so that  the  names  of  the  parties  t
50    actions brought pursuant to this section will not be disclosed to the pub
51    lic.
52        (2)  The  administrative  director  of the courts shall compile statistic
53 for each county for each calendar year, accessible to the public, including:
54        (a)  The total number of petitions filed pursuant to paragraph (b) of sub
55    section (1) of this section; and

6

1        (b)  The number of such petitions filed where  a  guardian  ad  litem  wa
2    requested  and the number where a guardian ad litem or other person actin
3    in such capacity was appointed; and
4        (c)  The number of such petitions for which the right to self-consent  wa
5    granted; and
6        (d)  The number of such petitions for which the court granted its informe
7    consent; and
8        (e)  The number of such petitions which were denied; and
9        (f)  For categories described in paragraphs (c), (d) and (e) of this sub
10    section, the number of appeals taken from the court's order in each  cate
11    gory; and
12        (g)  For  each  of the categories set out in paragraph (f) of this subsec
13    tion, the number of  cases  for  which  the  district  court's  order  wa
14    affirmed  and the number of cases for which the district court's order wa
15    reversed.
16        (3)  In addition to any other cause of  action  arising  from  statute  o
17    otherwise, any person injured by the causing or performing of an abortion on
18    minor  in  violation of any of the requirements of paragraph (a) of subsectio
19    (1) of this section, shall have  a private right of action to recover all dam
20    ages sustained as a result of such violation, including reasonable  attorney'
21    fees if judgment is rendered in favor of the plaintiff.
22        (4)  Statistical records.
23        (a)  The  vital  statistics  unit  of the department of health and welfar
24    shall, in addition to  other  information  required  pursuant  to  sectio
25    39-261, Idaho Code, require the complete and accurate reporting of infor
26    mation relevant to each abortion performed upon a  minor  which  shal
27    include, at a minimum, the following:
28            (i)  Whether the  abortion  was performed following the physician'
29        receipt of:
30            1.  The written informed consent of a parent and the minor; or
31            2.  The written informed consent of  an  emancipated  minor  fo
32            herself; or
33            3.  The written informed consent of a minor for herself pursuan
34            to  a  court order granting the minor the right to self-consent
35            or
36            4.  The written informed consent of a court pursuant to an orde
37            which includes a finding that the performance of  the  abortion
38            despite  the  absence of the consent of a parent, is in the bes
39            interests of the minor; or
40            5.  The professional judgment of the  attending  physician  tha
41            the performance of the abortion was immediately necessary due t
42            a  medical  emergency  and there was insufficient time to obtai
43            consent from a parent or a court order.
44        (ii)  If the abortion was performed due to a  medical  emergency  an
45        without  consent  from a parent  or court order, the diagnosis upo
46        which the attending physician determined that the abortion was  imme
47        diately necessary due to a medical emergency.
48        (b)  The knowing failure of the attending physician to perform any one (1
49    or  more  of the acts required under this subsection is grounds for disci

50    pline pursuant to section 54-1814(6), Idaho Code, and  shall  subject  th
51    physician  to  assessment of a civil penalty of one hundred dollars ($100
52    for each month or portion thereof that each such failure  continues,  pay
53    able  to the center for vital statistics and health policy, but such fail
54    ure shall not constitute a criminal act.
55    (5)  As used in this section:

7

1     (a)  "Cause or perform an abortion" means  to  interrupt  or  terminate
2     pregnancy  by any surgical or nonsurgical procedure or to induce a miscar
3     riage upon a minor known to be pregnant.
4     (b)  "Emancipated" means any minor who has been married or  is  in  activ
5     military service.
6     (c)  (i)  "Medical  emergency" means a sudden and unexpected physical con
7     dition which, in the reasonable medical judgment of any ordinarily pruden
8     physician acting under the circumstances and conditions then existing,  i
9     abnormal and so complicates the medical condition of the pregnant minor a
10    to necessitate the immediate causing or performing of an abortion:
11              1.  To prevent her death; or
12              2.  Because  a  delay  in causing or performing an abortion wil
13              create serious risk of immediate, substantial  and  irreversibl
14              impairment of a major physical bodily function of the patient.
15         (ii) The term "medical emergency" does not include:
16              1.  Any  physical  condition  that would be expected to occur i
17              normal pregnancies of women of similar age,  physical  conditio
18              and gestation; or
19              2.  Any condition that is predominantly psychological or psychi
20              atric in nature.
21    (d)  "Minor" means a woman less than eighteen (18) years of age.
22    (e)  "Parent" means one (1) parent of the unemancipated minor, or a guard
23    ian  appointed  pursuant  to chapter 5, title 15, Idaho Code, if the mino
24    has one.

25    SECTION 3.  That Section 18-614, Idaho Code, be, and the  same  is  hereb
26    repealed.

27    SECTION  4.  That  Chapter  6, Title  18, Idaho Code, be, and the same i
28    hereby amended by the addition thereto of a **NEW SECTION**, to be known and  des
29    ignated as Section 18-614, Idaho Code, and to read as follows:

30    18-614.  DEFENSES  TO  PROSECUTION.  (1)  No physician shall be subject t
31    criminal or administrative liability for causing or  performing  an  aborti
32    upon  a  minor  in  violation  of  any provision of subsection (1) of secti
33    18-609A, Idaho Code, if prior to causing or performing the abortion the physi
34    cian obtains either positive identification or other documentary evidence fr
35    which a reasonable person would have concluded  that  the  woman  seeking  t
36    abortion  was  either  an emancipated minor or was not then a minor and if t
37    physician retained, at the time of receiving the evidence, a legible photoco
38    of such evidence in the physician's office file for the woman. This defense
39    an affirmative defense that shall be raised by the defendant  and  is  not
40    element  of  any  crime or administrative violation that must be proved by t
41    state.
42    (2)  If, due to a medical emergency as defined in subsection (5)  of  se
43    tion  18-609A,  Idaho Code,  there was insufficient time for the physician t
44    confirm that the woman, due to her age, did not then come  within  the  prov
45    sions  of  subsection  (1) of section 18-609A, Idaho Code, the physician sha
46    not be subject to criminal or  administrative  liability  for  performing  t
47    abortion  in violation of subsection (1)(a)(v) of section 18-609A, Idaho Cod
48    if, as soon as possible but in no event longer  than  twenty-four  (24)  hou

```
49    after  performing the abortion, the physician obtained positive identificatio
50    or other documentary evidence from which a reasonable person would  have  con
51    cluded  that the woman seeking the abortion was either an emancipated minor o
52    was not then a minor and if the physician retained, at the time  of  receivin
```

                                        8

```
1     the  evidence,  a legible photocopy of such evidence in the physician's offic
2     file for the woman. This defense is  an  affirmative  defense  that  shall  b
3     raised  by  the defendant and is not an element of any crime or administrativ
4     violation that must be proved by the state.
5        (3)  If after performing an abortion  under  circumstances  of  a  medica
6     emergency  as  defined  in  subsection (5) of section 18-609A, Idaho Code, th
7     physician, after reasonable inquiry, is unable to determine whether or not th
8     woman is a minor, the physician shall not be subject  to  criminal,  civil  o
9     administrative  liability  for taking any action that would have been require
10    by subsection (1)(a)(v) of section 18-609A, Idaho Code, if the woman had  bee
11    a minor at the time the abortion was caused or performed.
12       (4)  For purposes of this section, "positive identification" means a law
13    fully issued state, district, territorial, possession, provincial, national o
14    other equivalent government driver's license, identification card or  militar
15    card,  bearing  the  person's photograph and date of birth, the person's vali
16    passport or a certified copy of the person's birth certificate.
```

# Statement of Purpose / Fiscal Impact

                        STATEMENT OF PURPOSE

                            RS 11155C1

   This legislation makes technical correction to Idaho's

Parental Consent statutes which will help to resolve peripheral

issues raised in litigation. The original intention of the

parental consent statutes remains in tact and its underlying

provisions are not weakened. This legislation addresses factual

issues raised in the litigation which were not originally

intended to be targeted by SB 1299 from the 2000 legislative

session.


                            FISCAL IMPACT


No net fiscal impact.


Contact
Name:  Clinton Miner, Office of the Attorney General

Phone: 334-2400

STATEMENT OF PURPOSE/FISCAL NOTE                H 340