ORIGINAL

ALAN G. LANCE
ATTORNEY GENERAL

U.S. COURTS

01 JUN -1  AM 11: 26

REC'D_____FILED_____
   CAMERON S. BURKE
   CLERK            IDAHO

DAVID G. HIGH
Chief of Civil Litigation

CLINTON E. MINER, ISB No. 3887
DAVID W. LLOYD, ISB No. 5501
RICHARD HEARN, ISB No. 5574
Deputy Attorneys General
Statehouse, Room 210
P.O. Box 83720
Boise, ID  83720-0010
Telephone:  (208) 334-2400

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD OF IDAHO, INC., and GLENN H. WEYHRICH, M.D., <br><br> Plaintiffs, <br><br> vs. <br><br> ALAN G. LANCE, Attorney General of the State of Idaho, and GREG BOWER, Ada County Prosecuting Attorney, <br><br> Defendants. | Case No. CIV 00-0353-S-MHW <br><br> **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLANNED PARENTHOOD OF IDAHO, INC.** |

## INTRODUCTION

Defendants have brought a Rule 12(c) Fed. R. Civ. P. Motion for Judgment on the

Pleadings seeking dismissal of Planned Parenthood of Idaho, Inc. ("Planned Parenthood")

for lack of standing.  Because the Idaho statute at issue regulates abortions and Planned

Parenthood performs no abortions, Planned Parenthood lacks the "irreducible constitutional minimum" under Article III of injury in fact. Recognizing its own lack of Article III standing, Planned Parenthood claims in the Second Amended Complaint to be suing "on behalf of its patients". But, Planned Parenthood is "a not-for-profit corporation organized under the laws of Idaho" and, as such, is not legally permitted to have "patients". As neither a provider of abortions nor a legal provider of any other medical services in Idaho, Planned Parenthood has only an ideological interest in this litigation and such an interest is not an adequate basis for standing under Article III of the U.S. Constitution.

## FACTS

In its Memorandum Opinion and Order dated September 1, 2000, this Court granted in part and denied in part Planned Parenthood's Motion for a Preliminary Injunction pending trial to restrain the enforcement of 2000 Senate Bill No. 1299. Second Amended Complaint, ¶ 1. After Idaho enacted 2001 Idaho House Bill No. 340 amending the partially enjoined statute, Planned Parenthood filed its Second Amended Complaint seeking to enjoin enforcement of 2001 Idaho Sess. Law 277 (" 2001Act") pursuant to 42 U.S.C. § 1983 on April 27, 2001. Second Amended Complaint, ¶ 2. In both their Answer to the First Amended Complaint and their Answer to the Second Amended Complaint, Defendants explicitly deny that Planned Parenthood is a proper party to this action. Defendants' Answer, ¶ 5.

Planned Parenthood "is a not-for-profit corporation organized under the laws of Idaho". Second Amended Complaint, ¶ 9. In its Complaint, Planned Parenthood alleges that it "sues on behalf of its patients". Id. Planned Parenthood admits that it "does not perform abortion services". Id. Instead, Planned Parenthood only provides "referrals to providers" for abortion services. Id. Planned Parenthood does claim that it provides "pregnancy diagnosis and counseling, contraceptive counseling, provision of all methods of birth control, HIV/AIDS testing and counseling, treatment of minor sexually transmitted infections and uncomplicated urinary tract infections, and cancer screening". Id.

## STANDARD OF REVIEW

"A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Navajo Nation v. Superior Court for the State of Washington for Yakima County*, 47 F.Supp.2d 1233, 1237 (E.D. Wash. 1999) (*citing* Fed. R. Civ. P. 12(c); *McGann v. Ernst & Young*, 102 F.3d 390, 392 (9th Cir. 1996), *cert. denied*, 520 U.S. 1181, 117 S.Ct. 1460, 137, L.Ed.2d 564, (1997)). Because Panned Parenthood is the complaining party, all well pleaded allegations in the complaint must be accepted as true and all reasonable inferences drawn in Planned Parenthood's favor. *Leatherman v. Tarrent County Narcotics & Intelligence Unit*, 507 U.S. 163, 164-165 (1993). As such, this Court must determine whether, if the facts were as pleaded, they would entitle Planned Parenthood to a remedy. *See Merchants Home Delivery Serv. v. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir. 1995).

## ARGUMENT

Planned Parenthood may have an interest in this litigation but that interest would be purely **ideological**. In spite of its strong advocacy for "abortion rights", Planned Parenthood admits that it performs no abortions. "A purely ideological interest is not an adequate basis for standing to sue in federal court." *Planned Parenthood of Wisconsin, et al. v. Doyle*, 162 F.3d 463, 465 (7th Cir. 1998) (*citing* Diamond v. Charles, 476 U.S. 54, 67, 106 S.Ct. 1697, 90 L.Ed.2d 48 (1986). Planned Parenthood of Wisconsin — as opposed to Planned Parenthood of Idaho, Inc. — actually owned abortion clinics and was for that reason found to have standing to challenge a Wisconsin law regulating abortions. *Id.* Conversely, in this same, the husbands of two pregnant women were found not to have standing because their strong interest in defending the proposed Wisconsin regulations was purely ideological. *Id.*

Because Planned Parenthood performs no abortions, Planned Parenthood's complaint fails to allege that Planned Parenthood has suffered or imminently will suffer an "injury in fact" if this Idaho statute is enforced.

> In order to meet the constitutional requirements of standing which emanate from Article III of the Constitution, plaintiffs were required to allege and ultimately prove that: (1) they have suffered or imminently will suffer an "injury in fact" (2) the injury is "fairly traceable" to the defendant's conduct; and (3) the requested relief is likely to redress the injury.

*Planned Parenthood of Central New Jersey v. Farmer*, 220 F.3d 127, 146 (3rd Cir. 2000) (*citing Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). At the District Court level, Planned Parenthood of Central New Jersey was found to have standing based on its declaration certifying that it "was a licensed

ambulatory health care facility, which performs abortions". *Planned Parenthood of Central New Jersey*, 220 F.3d at FN 10.

Planned Parenthood of Idaho, Inc. lacks the "injury in fact" necessary for standing under Article III. To meet the "irreducible constitutional minimum of standing", Planned Parenthood would be required to show an "injury in fact" as an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual' or imminent, not 'conjectural' or 'hypothetical'. *Lujan v. Defenders of Wildlife*, 504, U.S. 555, 560, 112, S.Ct 2130, 2136, 119 L.Ed.2d 351 (1992) *(citations omitted)*. "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* Assuming the truth of all allegations containing in the Second Amended Complaint, Planned Parenthood has failed to meet its burden to show actual or imminent "injury in fact" in this matter.

Planned Parenthood claims to be suing on behalf of its patients. "A litigant may raise a claim on behalf of a third party **if the litigant can demonstrate that it has suffered a concrete, redressable injury**, that it has a close relationship with the third party and that there exist some hindrance to the third party's ability to protect his or her own interest." *Connection Distributing Co. v. Reno*, 154 F3d 281, 289, FN 6 (6th Cir. 1998) *(emphasis added)* *(citing Edmonson v. Leesville Concrete Co. Inc.,* 500 U.S. 614, 629, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991)). Plaintiff Glenn Weyrich, M.D. has sued both on his own behalf and on behalf of his patients. Second Amended Complaint, ¶ 10. As an abortion provider in Idaho, Dr. Weyrich may claim that he will suffer a concrete and redressable injury if the statute is not enjoined. *Id.* But, because Planned Parenthood does not perform abortions, Planned Parenthood cannot demonstrate sufficient injury for its own standing

and therefore cannot claim it has suffered the necessary "concrete" and "redressable" injury necessary to raise a claim on behalf of its "patients".

Even if Planned Parenthood may be able to demonstrate some injury in fact, which they cannot, Planned Parenthood should not be allowed -- as a prudential matter -- to assert the rights of its so called "patients".

> Examination of the standing issue involves two levels of inquiry.  The first is of a constitutional dimension and involves determining whether the plaintiff has shown that a "case or controversy" exists between the parties as defined by Article III.   This can be accomplished by proving an actual injury or injury in fact which is "likely to be redressed by a favorable decision."  **The second inquiry involves considering whether, as a prudential matter, the plaintiff is the proper proponent of the rights on which the action is based.**

*Planned Parenthood Association of Cincinnati, Inc. v. City of Cincinnati*, 822 F.2d 1390, 1394 (6th Cir. 1987) (emphasis added).  Planned Parenthood's attempt to assert the rights of its "patients" fares no better under the second "prudential" inquiry as its attempt under the first constitutional inquiry.

The Sixth Circuit in *Planned Parenthood Association of Cincinnati, Inc. v. City of Cincinnati* interpreted *Singleton v. Wulf*, 428 U.S. 106 (1976) as providing litigants *jus terii* standing to assert **solely** the rights of third parties -- as Planned Parenthood is here attempting -- in only very limited circumstances.

> There are essentially two types of cases involving *jus terii* standing.  The first is where the litigants challenge statutes which regulate their activity and, as a result, violate the rights of third parties . . . .  The second genre of *jus terii* cases involve litigants seeking to assert solely the rights of third parties as being impinged by a statute.  *Jus terii* standing in this type of case is more difficult to establish, and generally depends on two factual elements.  The first is whether the litigant's relationship with the third party whose right he

seeks to assert is inextricably bound up with the activity the litigant wishes to pursue. The second is whether the third party is not as able to assert the allegedly affected right on his own behalf.

*Planned Parenthood Association of Cincinnati*, 822 F.2d at 1394 (*citing Singleton v. Wulf*, 428, U.S. 106, 114, 96 S.Ct. 2874, 49 L.Ed.2d 826 (1976)). *Jus terii* standing of the first type is necessary before a litigant with standing based on his own injury in fact will be allowed to assert the rights of others who are not before the court. Presumably, Dr. Weyhrich is claiming *jus terii* standing of the first type as grounds for asserting both his rights and the rights of his patients in this case.

*Jus terii* standing of the second type would allow a litigant to solely assert the rights of a third party. While the Sixth Circuit in *Planned Parenthood Association of Cincinnati* found in *Singleton* support for such a "second genre of *jus terii* cases", plaintiffs in both these cases were found to have standing to assert the rights of third parties only **after** these plaintiffs were shown to have satisfied the constitutional Article III requirements for their own standing.[1]

---

[1]     Plaintiffs in both *Singleton* and *Planned Parenthood of Cincinnati* were found to have standing to assert the rights of third parties based on the challenged statutes' regulation of these plaintiffs' activities. "[T]here is no doubt that the respondent-physicians suffer concrete injury from the operation of the challenged statute. Their complaint and affidavits, described above, allege that they have performed and will continue to perform operations for which they would be reimbursed under the Medicaid program, were it not for the limitation of reimbursable abortions to those that are "medically indicated". *Singleton v. Wulf*, 428, U.S. 106, 113, 96 S.Ct. 2873, 49 L.Ed.2d 826 (1976). "Planned Parenthood has alleged its intention to engage in conduct arguably affected with a constitutional interest, and we believe the statutory language of the Ordinance evinces a credible threat of prosecution against Planned Parenthood. Accordingly, we find that Planned Parenthood meets the "injury in fact" requirement of standing." *Planned Parenthood Association of Cincinnati*, 822 F.2d at 11396. It is however undisputed that Planned Parenthood of Idaho's activities are not regulated by the

Even assuming such *jus terii* standing in this case were possible, Planned Parenthood's "relationship with the third party whose rights [Planned Parenthood] seeks to address is **not** inextricably bound up with the activity Planned Parenthood wishes to pursue". Planned Parenthood admits it does not provide abortions. Defendants do not question Planned Parenthood's passionate ideological interest in ensuring easy access to abortions in Idaho but such an ideological interest is insufficient to create either Article III standing or *jus terii* standing sufficient to allow Planned Parenthood to assert the rights of others.

Finally, Planned Parenthood claims that it provides certain medical services and therefore has "patients". Assuming the truth of this assertion, Planned Parenthood's unlicensed practice of medicine would be contrary to public policy in Idaho.

> It is well established that no unlicensed person or entity may engage in the practice of the medical profession through licensed employees; nor may a licensed physician practice as an employee of an unlicensed person or entity. Such practices are contrary to public policy.

*Worlton v. Davis*, 73 Idaho 217, 221, 249 P.2d 810, 813 (1952). Planned Parenthood has no patients, at least not any patients under the laws of the state of Idaho, and therefore cannot now claim *jus terii* standing based on its "relationship" with women seeking abortions as its patients. Regardless of the outcome of this litigation, Planned Parenthood can continue to provide "pregnancy diagnosis and counseling, contraceptive counseling, provision of all methods of birth control, HIV/AIDS testing and counseling, treatment of

---

challenged statute and therefore Planned Parenthood of Idaho is attempting to obtain *jus terii* standing to assert **solely** the rights of a third party without first satisfying the injury in fact requirement necessary for Article III constitutional standing.

minor sexually transmitted infections and uncomplicated urinary tract infections, and cancer screening" in violation of the public policy of Idaho.   Planned Parenthood's relationship with women as an unlicensed provider of certain limited medical services not including abortion services does not satisfy the "inextricably bound up" relationship with the third party required by the Sixth Circuit for such *jus terii* standing.

## CONCLUSION

For all the above reasons, Defendants respectively ask the Court to grant their Motion to dismiss Planned Parenthood of Idaho, Inc. from this suit.

Dated:  June 1, 2001

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL

By _____

RICHARD A. HEARN
Deputy Attorney General

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of June 2001, I caused to be served a true and correct copy of the forgoing by the following method to:

Helen T. Krasnoff
Planned Parenthood Foundation of America
1120 Connecticut Ave., N.W., Ste. 461
Washington, DC  20036
Facsimile: (202) 296-3242

✓ U.S. Mail
___ Hand Delivery
___ Certified Mail
___ Overnight Mail
✓ Facsimile

Roger K. Evans
Dara Klassel
Eve C. Gartner
Planned Parenthood Foundation of America
810 Seventh Avenue
New York, NY  10019
Facsimile: (212) 247-6811

✓ U.S. Mail
___ Hand Delivery
___ Certified Mail
___ Overnight Mail
___ Facsimile

B. Newal Squyres
Cooperating Counsel for American Civil
   Liberties Union of Idaho Foundation
Holland & Hart
P.O. Box 2527
Boise, ID  83701
Facsimile:  (208) 343-8869

✓ U.S. Mail
___ Hand Delivery
___ Certified Mail
___ Overnight Mail
✓ Facsimile

Cary Collaianni
Ada County Deputy Prosecuting Attorney
650 Main St, 2nd Floor
Boise, ID  83702
Facsimile:  (208) 364-2132

✓ U.S. Mail
___ Hand Delivery
___ Certified Mail
___ Overnight Mail
___ Facsimile

Louise Melling
Jennifer Dalven
Reproductive Freedom Project
American Civil Liberties Union
125 Broad Street
New York, NY  10004

✓ U.S. Mail
___ Hand Delivery
___ Certified Mail
___ Overnight Mail
___ Facsimile

William T. Sali
Attorney for *amicus curiae*
Idaho Family Defense Fund, Inc.,
    on behalf of Idaho Chooses Life
    Alliance, Inc.
P.O. Box 71
Kuna, ID 83634
Facsimile: (208) 922-5377

    ✓   U.S. Mail
_____ Hand Delivery
_____ Certified Mail
_____ Overnight Mail
_____ Facsimile

_____
RICHARD A. HEARN
Deputy Attorney General