

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD OF IDAHO, INC., and GLENN H. WEYHRICH, M.D., ) ) ) Plaintiffs, ) ) v. ) ) ALAN G. LANCE, Attorney General of the State of Idaho, and GREG BOWER, Ada County Prosecuting Attorney, ) ) ) ) Defendants. ) | CASE NO. CIV 00-0353-S-MHW<br><br>**ORDER** |

The following motions are currently before the Court for its consideration: (1) Plaintiffs' Motion for Preliminary Injunction of Venue Restriction (Dkt # 79), filed June 7, 2001; and (2) Plaintiffs' Motion for Temporary Restraining Order of Venue Restriction (Dkt # 80), filed June 7, 2001. For the reasons stated herein, the Court will grant Plaintiffs' Motion for Preliminary Injunction of Venue Restriction. Consistent with this ruling, Plaintiffs' Motion for Temporary Restraining Order of Venue Restriction shall be deemed moot.

Order – page 1

# I.

# Background.[1]

In September of 2000, this Court preliminary enjoined the Idaho parental consent law's provision that required a minor seeking to waive the parental consent requirement to file her bypass provision in the judicial district where she lives. In response to the Court's injunction, the Idaho legislature amended the parental consent law's venue provision. Under the law scheduled to take effect July 1, 2001, if a minor desires to waive the requirement of parental consent, she must petition a court in her home county or in the county in which she is going to get the abortion. *See* Idaho Code § 18-609A(1)(b)(i) (as amended by 2001 Idaho House Bill No. 340).

Pursuant to Rule 65(a) of the Fed. R. Civ. P. Rule 65(a) and Rule 7.1 of the Local Rules of the Court, Plaintiffs move for a preliminary injunction enjoining the new venue provision of Idaho's parental consent law, Idaho Code § 18-609A(1)(b)(i) (as amended by 2001 Idaho House Bill No. 340). According to Plaintiffs, the venue provision at issue is more restrictive than the one previously enjoined by this Court.

# II.

# Plaintiffs' Motion for Preliminary Injunction of Venue Restriction.

## A.   Legal Standard For Preliminary Injunction.

Federal courts have authority to grant a preliminary injunction under Federal Rule of Civil Procedure 65. Fed. R. Civ. P. 65(a) discusses the procedure to be followed in an application for a preliminary injunction. Broadly defined, a preliminary injunction is a judicial

---

[1] The factual background of this case is outlined in detail in this Court's Memorandum Opinion and Order of September 1, 2000.

Order – page 2

remedy that is issued to protect a plaintiff from irreparable harm while preserving the court's power to render a meaningful decision after a trial on the merits. Thus, a preliminary injunction may issue even though a plaintiff's right to permanent injunctive relief is not certain. The grant or denial of a preliminary injunction is a matter of the court's discretion exercised in conjunction with the principles of equity. *See Inland Steel v. U.S.*, 306 U.S. 153, 59 S. Ct. 415, 83 L.Ed. 557 (1939); *Deckert v. Independence Shares Corp.*, 311 U.S. 282, 61 S. Ct. 229, 85 L.Ed. 189 (1940); and *Stanley v. Univ. of Southern California*, 13 F.3d 1313 (9th Cir. 1994).

While courts are given considerable discretion in deciding whether a preliminary injunction should enter, and injunctive relief is not obtained as a matter of right, it is also considered to be an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. *See Sampson v. Murray*, 415 U.S. 61, 94 S. Ct. 937, 39 L.Ed.2d 166 (1974); *Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas R. Co.*, 363 U.S. 528, 80 S. Ct. 1326, 4 L.Ed.2d 1435 (1960); and *Stanley v. Univ. of Southern California*, 13 F.3d 1313 (9th Cir. 1994).

In the case of *Martin v. International Olympic Committee*, 740 F.2d 670, 674-75 (9th Cir. 1984), the Ninth Circuit set forth the legal standard for a district court to apply in exercising its discretion as follows:

> In this circuit, a party seeking preliminary injunctive relief must meet one of two tests. Under the first, a court may issue a preliminary injunction if it finds that: (1) the [moving party] will suffer irreparable harm if injunctive relief is not granted, (2) the [moving party] will probably prevail on the merits, (3) in balancing the equities, the [non-moving] party will not be harmed more than [the moving party] is helped by the injunction, and (4) granting the injunction is in the public interest.

*Id.* (internal quotations and citations omitted); and *Stanley*, 13 F.3d at 1319 (9th Cir. 1994). The factors have been further distilled to a requirement that the movant show either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in plaintiff's favor. *Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999); *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1119 (9th Cir. 1999). These two alternatives represent "extremes of a single continuum," rather than two separate tests. *See id.* Therefore, the greater the probability of success, the less hardship to the plaintiff must be shown. *See id.* Thus, the Court will examine the arguments of both parties and determine whether Plaintiffs have raised serious questions going to the merits as to whether the venue provision in 2001 Idaho House Bill No. 340 creates a substantial obstacle and therefore an undue burden on a minor's right to have an abortion, as set forth in the Supreme Court's decision in *Planned Parenthood v. Casey*, 505 U.S. 833, 112 S. Ct. 2791, 120 L.Ed.2d 674 (1992).

**B.     The Statute's Venue Restriction.**

Under the law scheduled to take effect July 1, 2001, if a minor desires to waive the requirement of parental consent, she must petition a court in her home county or in the county in which she is going to get the abortion. *See* Idaho Code § 18-609A(1)(b)(i) (as amended by 2001 Idaho House Bill No. 340). As noted *supra*, Plaintiffs contend that the venue provision at issue is more restrictive than the one previously enjoined by this Court. In addition, with respect to resident minors, Plaintiffs assert that the venue provision does not provide the minor with the flexibility she needs to preserve her confidentiality.

Conversely, Defendants argue that the venue provision of Idaho Code § 18-609A(1)(b)(i)

**Order – page 4**

(as amended by 2001 Idaho House Bill No. 340) cannot be considered a substantial obstacle to a woman's choice to have an abortion. Defendants point the Court to *Planned Parenthood v. Casey*, where a statute which included a bypass procedure, containing a similar venue provision to the provision at issue, was held constitutional.

As a preliminary matter, the Court finds that minors need to have considerable flexibility in seeking access to their state court system in a convenient manner. *See Indiana Planned Parenthood Affiliates Assoc. Inc. v. Pearson*, 716 F.2d 1127, 1142 (7th Cir. 1983). Further, despite Defendants' arguments to the contrary, whether the Court in *Planned Parenthood v. Casey* explicitly addressed the constitutionality of substantially identical statutory language *does* diminish the precedential value of the Court's holding in the matter. *See Casey*, 505 U.S. 833. Significantly, the Court in *Casey* did not address the constitutionality of the venue restriction in the Pennsylvania statute at issue. Thus, the prior decision has little or no precedential value to the current issue.[2]

Although Defendants maintain that the venue restriction will deter forum shopping and is intended to further the state's interest in ensuring the effective, uniform, and impartial implementation of the parent consent legislation, the Court is unable, on the current submissions, to make a logical connection between these general propositions and restrictive venue provisions. Perhaps Defendants can more effectively communicate their concerns at the trial on the merits.

---

[2] A venue restriction substantially identical to the restriction at issue, requiring minors to file in their home county or the county in which the abortion was performed, was enjoined by a district court in Tennessee. *See Memphis Planned Parenthood, Inc. v. Sutherland*, 2 F.Supp.2d 997, 1005 (M.D. Tenn. 1997). Although the Sixth Circuit Court of Appeals later overturned that injunction, *see Memphis Planned Parenthood, Inc. v. Sutherland*, 175 F.3d 456 (6th Cir. 1999), the court did not address the constitutionality of the venue provision. Rather, the court reversed the injunction because a provision allowing the bypass to be filed in any county superseded the rule of procedure that required minors to file in their home county or the county in which the abortion was performed. *See id.* at 464.

**Order – page 5**

At this stage of the proceedings, the Court finds that Plaintiffs have raised serious questions going to the merits of whether as to whether the venue provision in 2001 Idaho House Bill No. 340 creates a substantial obstacle and therefore an undue burden on a minor's right to have an abortion. Thus, the balance of hardships tips sharply in favor of Plaintiffs. Additionally, the Court finds that Defendants will suffer no harm from maintaining the status quo pending a final resolution of the merits.

Accordingly, the Court will grant Plaintiffs' Motion for Preliminary Injunction. The portion of Idaho Code § 18-609A(1)(b)(i) (as amended by 2001 Idaho House Bill No. 340), which states that "The petition shall be filed in the county where the minor resides or the county where the abortion is caused or performed," will be preliminarily enjoined pending trial in this matter. Minors, including out-of-state minors, will thus have access to any district court in the state of Idaho. After hearing additional evidence and legal arguments, the Court will determine if the preliminary injunction now entered as to the venue provision will be made permanent and whether Plaintiffs are entitled to any further declaratory judgment and injunctive relief with respect to other portions of the Act.

**D.  Severability of Individual Provisions of the Act.**

The Act itself provides for the severability of any one or more of the provisions. That provision reads:

> **18-615. Severability.** If any one (1) or more provision, section, subsection, sentence, clause, phrase, or word of this chapter or the application thereof to any person or circumstance is found to be unconstitutional, the same is hereby declared to be severable and the balance of this chapter shall remain effective notwithstanding such unconstitutionality. The legislature hereby declares that it would have passed every section of this chapter and each provision, section, subsection, sentence, clause, phrase or word

> thereof irrespective of the fact that any one (1) or more provision, section, subsection, sentence, clause, phrase, or word be declared unconstitutional.

The Court finds that the venue provision that will be preliminarily enjoined is severable from the Act, and that the Act can function in a cohesive fashion pending trial on the merits.

///

///

///

## **ORDER**

Based upon the foregoing, the Court being fully advised in the premises, IT IS HEREBY ORDERED that:

(1) Plaintiffs' Motion for Preliminary Injunction of Venue Restriction (Dkt # 79), filed June 7, 2001, is GRANTED. The portion of Idaho Code § 18-609A(1)(b)(i) (as amended by 2001 Idaho House Bill No. 340), which states that "The petition shall be filed in the county where the minor resides or the county where the abortion is caused or performed," will be preliminarily enjoined pending trial in this matter; and

(2) Plaintiffs' Motion for Temporary Restraining Order of Venue Restriction (Dkt # 80), filed June 7, 2001, is DEEMED MOOT.

DATED this __29__ day of June, 2001.

MIKEL H. WILLIAMS
UNITED STATES MAGISTRATE JUDGE

## MAILING CERTIFICATE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 29 day of May, 2001, to the following:

B NEWALL SQUYRES
HOLLAND & HART
P O BOX 2527
BOISE  ID  83701

HELENE T KRASNOFF
PLANNED PARENTHOOD
1120 CONNECTICUT AVE N W  STE 461
WASHINGTON  DC  20036

ROGER K EVANS
PLANNED PARENTHOOD
810 SEVENTH AVE
NEW YORK  NY  10019

CLINTON E MINOR
DAVID W LLOYD
RICHARD A HEARN
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVN
P O BOX 83720
BOISE  ID  83720-0010

WILLIAM T SALI
PO BOX 71
KUNA, ID 83634

Cameron S. Burke, Clerk
United States District Court

_Darlene Hand_
by Deputy Clerk

Order – page 9