Rec'd U.S. Courts
Filed

JUL 13 2001

Cameron S. Burke
Clerk, Idaho

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD OF IDAHO, INC., and GLENN H. WEYHRICH, M.D., <br><br> Plaintiffs, <br><br> v. <br><br> ALAN G. LANCE, Attorney General of the State of Idaho, and GREG BOWER, Ada County Prosecuting Attorney, <br><br> Defendants. | CASE NO. CIV 00-0353-S-MHW <br><br> **ORDER** |

## INTRODUCTION

Currently pending before the Court for its consideration are the following motions:

(1) Plaintiffs' Motion to Exclude Expert Witness Testimony (DKT #75), filed May 30, 2001;

(2) Defendants' Motion to Dismiss Planned Parenthood of Idaho (Dkt #77), filed June 1, 2001;

and (3) Defendants' Motion to Strike portions of Plaintiffs' pleadings and to exclude testimony

of expert witnesses (Dkt #84), filed June 15, 2001. On July 9, 2001, the Court conducted a

hearing on the above motions with counsel for all parties present. For the reasons stated herein,

the Court will grant Plaintiffs' Motion to Exclude Expert Witness Testimony and Defendants'

Motion to Strike. Further, the Court will deny Defendants' Motion to Dismiss Planned

Parenthood.

Order – Page 1

## I.

## Background.

Plaintiffs in this case are Planned Parenthood of Idaho, Inc. (hereinafter "Planned Parenthood") and Glenn H. Weyhrich, M.D. (hereinafter "Dr. Weyhrich"). Planned Parenthood is a not-for-profit corporation organization located in Boise, Idaho, which provides medical and educational services to women and men. Planned Parenthood services include pregnancy diagnosis and counseling, contraceptive counseling, provision of all methods of birth control, HIV/AIDS testing, etc. Planned Parenthood does not perform abortion services, but provides its patients with referrals to providers of those services. Defendant Alan G. Lance is the Attorney General of the State of Idaho. Defendant Lance is sued in this official capacity, as are his agents and successors in office.

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 to enjoin the enforcement of 2000 Idaho Senate Bill No. 1299 (hereafter "the Act"). *See* Idaho Code § 18-601 *et seq.* In September of 2000, this Court ruled on Plaintiffs' Motion for Preliminary Injunction and enjoined portions of the Act. In response to this lawsuit and the Court's September 2000 Order, the Idaho legislature enacted 2001 Idaho House Bill No. 340 (the "2001 Act"). Plaintiffs still contend that the 2000 Act, as amended by the 2001 Act, is not free from constitutional defects.

///

///

## II.

## Plaintiffs' Motion to Exclude Expert Witness Testimony and Defendants' Motion to Strike.

### A.     Legal Standard.

Federal Rules of Evidence Rule 402 clearly states that evidence that is not relevant to an action is not admissible. According to Federal Rules of Evidence Rule 402, "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." *Id.* Beyond this threshold rule of relevance, Rule 702 of the Federal Rules of Civil Procedure ("Rule 702") primarily controls the admission of expert testimony in the federal courts. It states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

*Id.*

The Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993) ruled for the first time on the admissibility of expert testimony under Rule 702. The Court found that Rule 702 places limits on the admissibility of "purported" scientific evidence and required the trial judge to ensure that an expert's testimony is based on reliable foundations and is relevant. *Id.* at 589. The trial court must first determine if "the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. *Id.* at 592.

In short, evidence that is not relevant to an action or related to an issue in the case is not admissible.

Order – Page 3

## B. Discussion.

In conjunction with enjoining portions of the 2000 Act, this Court's September 2000 Memorandum Decision and Order also identified several areas of factual inquiry that the Court felt were necessary to resolve this dispute. To address these factual issues, Plaintiffs filed expert reports for five witnesses – two to address the adequacy of the Act's medical emergency provision, one to testify about the Act's requirements of providing positive identification, and two to speak to the deficiencies of the Act's judicial bypass. In response, Defendants filed preliminary expert reports that raise subjects which Plaintiffs believe are irrelevant to what is actually before the Court.

Pursuant to Rule 7.1 of the Local Rules of this Court, Plaintiffs move for an Order excluding the testimony of Joel L. Brind, Ph.D. and David C. Reardon, Ph.D. and any testimony on the topics contained in their expert reports. Plaintiffs urge the Court to exclude the facts and opinions contained in the expert reports because they are not relevant to the issues in this case and they cannot affect the Court's decision.

With respect to Dr. Brind's expert report, Plaintiffs point out that it focuses solely on an alleged link between abortion and breast cancer. Regarding Dr. Reardon's report, Plaintiffs maintain that his report opines, *inter alia*, that women who have abortions are more likely to commit suicide and that licensed medical providers are ideologically committed to coercing women to have abortions. Plaintiffs not only insist that the two reports raise subjects which are not before the Court, but also that the opinions expressed in these reports are repeated throughout Defendants' other reports.

In response, Defendants argue that the opinions of Drs. Brind and Reardon are relevant to

the matters before this Court. Defendants maintain that such testimony is necessary due to Plaintiffs allegations that the risk posed by abortion to the life and health of the mother is of no consequence to the constitutionality of a parental consent statute. In the alternative, Defendants move that this Court strike from the pleadings and exclude all allegations made and evidence offered by Plaintiffs on the issue of the relationship between abortion and the health of a minor seeking the abortion as well as a minor's alleged ability to provide informed consent and proper medical history to the abortion provider.

The Court has reviewed the motions and the subject reports and has determined that the expert testimony at issue should be excluded because it does not relate to any of the issues raised by Plaintiffs and will not affect this Court's ultimate decision in this case. To the extent that Plaintiffs' Amended Complaint may have contained such assertions, Plaintiffs have stated that they are not relevant to the most recently enacted statute. Plaintiffs are not arguing or raising the question of whether the State has a valid interest in enacting such a statute; rather, Plaintiffs' challenge to Idaho's parental consent law is limited to the positive identification requirement, the adequacy of the judicial bypass procedure and the medical emergency exception, and its scienter requirements. As Defendants note and Plaintiffs have admitted, it is well-settled law that the state has a legitimate interest in protecting the health of minors seeking abortion. Therefore, there is no need to litigate the health consequences of abortions.

Accordingly, the Court will grant both Plaintiffs' and Defendants' motions to exclude the subject testimony. Thus, the testimony of Joel L. Brind, Ph.D. and David C. Reardon, Ph.D. and any testimony by any other witnesses on the topics contained in their expert reports shall be excluded from the trial in this matter. Further, any testimony regarding: (a) the capacity of

minors to provide informed consent; (b) the health effects and risks of childbirth vis-a-vis abortion; and (c) the validity of the State's interest in protecting the health of the minors seeking abortion shall also be excluded from the trial in this action.[1]

## III.

### Defendants' Motion to Dismiss Planned Parenthood of Idaho.

Pursuant to Fed. R. Civ. P. Rule 12(c), Defendants' seek dismissal of Planned Parenthood of Idaho, Inc. ("Planned Parenthood") for lack of standing. Defendants argue that Planned Parenthood lacks the irreducible constitutional minimum under Article III of injury in fact because the Idaho statute at issue regulates abortions and Planned Parenthood does not perform abortions. Additionally, although Planned Parenthood claims to be suing on behalf of its patients, Defendants point out that Planned Parenthood is a not-for-profit corporation organized under the laws of Idaho and, as such, cannot legally have patients. Further, as neither a provider of abortions nor a legal provider of any other medical services in Idaho, Planned Parenthood has only an ideological interest in this litigation. Defendants insist that such an interest is not an adequate basis for standing under Article III of the U.S. Constitution. Lastly, Defendants argue that Planned Parenthood's participation in this case is relevant and prejudicial, in that Defendants are potentially liable for Planned Parenthood's attorney fees that they are seeking under 42 U.S.C. § 1988.

---

[1] During the course of the July 9, 2001, hearing, counsel for Defendants queried whether the only minors that should be considered in this case are those as to whom the statute operates. As this Court outlined in its September 2000 Memorandum Decision and Order, what must be done under *Casey* is to look at the group that will be affected by the restriction, not those for whom the restriction will be "irrelevant." Although Idaho's identification restriction applies to all pregnant women seeking an abortion, it will be irrelevant to the vast majority of women because they already have the identification required by the statute or will be able to obtain satisfactory identification in a day or two. For these women, the burden is either minuscule or nonexistent. The identification restriction will only be relevant to the group of women who do not have the approved identification (or marriage license) and who cannot obtain it within the time necessary to have the abortion performed in a timely manner.

**Order – Page 6**

In response, Plaintiffs note that the only relief that Defendants would get from this motion is a dismissal of Planned Parenthood from this case. Given that Dr. Weyhrich has standing to assert all of the claims in this action, Plaintiffs maintain that the Court should refuse to reach the merits of Defendants' motion. The Court agrees.

Clearly, Dr. Weyhrich has standing to challenge all aspects of the parental consent law at issue. Dr. Weyhrich performs abortions on minors and is subject to the parental consent law's criminal penalties. Having established that he will suffer injury in fact from operation of the statute, Dr. Weyhrich may assert his own rights and the rights of his patients. *See Singleton v. Wulff*, 428 U.S. 106 (1976) (providing that physicians who perform abortions have standing to challenge abortion statutes on behalf of themselves and their patients); *see also Planned Parenthood of Cent. Mo. v. Danforth*, 392 F. Supp. 1362, 1366 (E.D. Mo. 1975) ("The individual plaintiff-physicians have standing as to each of the challenged provisions of [the statute] by reason of the criminal sanctions imposed under the Act."); *rev'd on other grounds*, 428 U.S. 52, 62 (1976).

Due to Dr. Weyhrich's standing, and looking to the decisions of several other courts, this Court need not address the argument that Planned Parenthood does not have standing.[2] *See, e.g., Planned Parenthood of Cent. N.J. v. Farmer*, 220 F.3d 127, 147 n.10 (3d Cir. 2000) (stating that it is unnecessary to address whether Planned Parenthood has standing because the plaintiff physicians perform abortions and have independent standing to assert the claims); *see also*

---

[2] Assuming, *arguendo*, that Defendants' contentions are valid, a dismissal of Planned Parenthood would not affect the merits of this action. All of the issues in the case and the claims presented would ensue regardless of whether Planned Parenthood remained a Defendant. As to the potential award of attorney's fees, the Court observes that the same attorneys represent both Plaintiffs in this action. Thus, Defendants will face the exact same claim for fees regardless of whether Planned Parenthood remains a Plaintiff.

**Order -- Page 7**

*Planned Parenthood Ass'n of Atlanta Area, Inc. v. Miller*, 934 F.2d 1462, 1465 n.2 (11th Cir. 1991) (providing that the standing of the other parties need not be considered since the physician plaintiff has standing). Accordingly, the Court will deny Defendants' Motion to Dismiss Planned Parenthood.

## ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS**

**HEREBY ORDERED that:**

(1) Plaintiffs' Motion to Exclude Expert Witness Testimony (DKT #75), filed May 30, 2001, is GRANTED;

(2) Defendants' Motion to Strike portions of Plaintiffs' pleadings and to exclude testimony of expert witnesses (Dkt #84), filed June 15, 2001, is GRANTED; and

(3) Defendants' Motion to Dismiss Planned Parenthood of Idaho (Dkt #77), filed June 1, 2001, is DENIED.

DATED: July 10, 2001.

MIKEL H. WILLIAMS
UNITED STATES MAGISTRATE JUDGE

Order – Page 9

## MAILING CERTIFICATE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this __13__ day of July, 2001, to the following:

B NEWALL SQUYRES
HOLLAND & HART
P O BOX 2527
BOISE ID 83701

HELENE T KRASNOFF
PLANNED PARENTHOOD
1120 CONNECTICUT AVE N W STE 461
WASHINGTON DC 20036

ROGER K EVANS
PLANNED PARENTHOOD
810 SEVENTH AVE
NEW YORK NY 10019

LOUISE MELLING
JENNIFER DALVEN
REPRODUCTIVE FREEDOM PROJECT
AMERICAN CIVIL LIBERTIES UNION
125 BROAD STREET
NEW YORK, NY 10004

RICHARD A HEARN
RACINE, OLSON, NYE,
    BUDGE & BAILEY
201 EAST CENTER
PO BOX 1391
POCATELLO, ID 83201

CLINTON E MINOR
DAVID W LLOYD
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVN
P O BOX 83720
BOISE ID 83720-0010

WILLIAM T SALI
ATTORNEY AT LAW
PO BOX 71
KUNA, ID 83634

Cameron S. Burke, Clerk
United States District Court

_M Longstreet_

Order – Page 10
cc: A. Lawson