

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD OF IDAHO, INC., and GLENN H. WEYHRICH, M.D., ) ) ) | |
| Plaintiffs, ) ) | CASE NO. CIV 00-0353-S-MHW |
| v. ) ) | **ORDER** |
| ALAN G. LANCE, Attorney General of the State of Idaho, and GREG BOWER, Ada County Prosecuting Attorney, ) ) ) ) ) | |
| Defendants. ) ) | |

## INTRODUCTION

Currently pending before the Court for its consideration are the following motions: (1) Plaintiffs' Motion for Reconsideration of Memorandum Opinion and Order (Dkt #145), filed January 8, 2002; and (2) Defendants' Motion for Reconsideration of Memorandum Opinion and Order (Dkt #146), filed January 17, 2002. Both Defendants and Plaintiffs have filed briefs in opposition to the other side's motion. Thus, the motions are now ripe. The Court observes that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, these motions shall be decided on the record before this Court without a hearing.

Order - Page 1



# I.

## BACKGROUND.

Plaintiffs brought this action pursuant to 42 U.S.C. § 1983, seeking a declaratory judgment that certain statutes regulating abortions upon minors in Idaho are unconstitutional.[1] Following a preliminary injunction hearing, this Court issued a Memorandum Opinion and Order enjoining Defendants from enforcing three limited portions of the challenged statutes. In response, the Idaho legislature enacted certain amendments to the statutes in March 2001. Subsequent to the amendments, Plaintiffs moved for preliminary injunction of the amended venue provision. After extensive briefing by the parties and oral argument, the Court determined that "minors need to have considerable flexibility in seeking access to their state court system in a convenient manner" and granted Plaintiffs' motion for an injunction of the amended venue provision.

Plaintiffs continued to challenge the following portions of Idaho's parental consent law: (1) portions of the judicial bypass provision, Idaho Code §§ 18-609A(1)(a)(iv), 18-609A(1)(b)-(d); (2) portions of the medical emergency provision, Idaho Code §§ 18-609A(1)(a)(v), 18-609A(5)(c)(i); and (3) the provisions imposing penalties upon physicians and creating defenses thereto, Idaho Code §§ 18-605, 18-614. A trial was conducted in this matter commencing on September 4, 2001, and proceeding through September 7, 2001.

---

[1] *See* Idaho Code § 18-601 *et seq.*; 2000 Idaho Senate Bill No. 1299, amending Chapter 6, Title 18 of the Idaho Code to add new sections 18-609A and 18-614 and adopted by the Idaho Legislature in February 2000; 2001 Idaho House Bill No. 340, amending Chapter 6, Title 18 of the Idaho Code, §§ 18-605, 18-609A and 18-614 and adopted by the Idaho Legislature in March 2001.

On December 20, 2001, the Court issued a Memorandum Opinion and Order, permanently enjoining the following provisions of Idaho's parental consent law, Idaho Code § 18-601 *et seq.*:

(1) Idaho Code § 18-609A(1)(b)(i), the first sentence only, which states that a minor seeking a waiver of the requirement of parental consent must file her judicial bypass petition in "the county where the minor resides or the county where the abortion is caused or performed";

(2) Idaho Code § 18-609A(1)(c), which provides that if a district court denies a minor's bypass petition, she must file a notice of appeal within two (2) days from the date of issuance of the order;

(3) Idaho Code § 18-609A(1)(b)(iv), the final three sentences only, which require that if a judge learns of criminal conduct while hearing a bypass petition, the judge must report that activity to law enforcement; and

(4) The post-abortion parental notification procedures set forth in Idaho Code Section 18-609A(1)(a)(v);

Further, after finding that the above-listed provisions were not integral or indispensable to the other portions of Idaho's parental consent law and thus they may be severed from the remaining statute, the Court determined that the whole of Idaho's parental consent law need not be permanently enjoined.

In January of 2002, Plaintiffs and Defendants filed motions for the Court to reconsider its December 20, 2001, Memorandum Opinion and Order.

## II.

### MOTIONS TO RECONSIDER.

Plaintiffs request that the Court review its December 20, 2001, decision on the following issues: the medical emergency exception; the scienter requirements and the prosecution's burden of proof; and the failure of the judicial bypass to guarantee counsel to minors. Plaintiffs insist

Order - Page 3

that the above-listed provisions are unconstitutional and should be permanently enjoined. In addition, Plaintiffs request a clarification of this Court's Memorandum Opinion and Order with respect to the two-day appellate window.[2]

Defendants, on the other hand, urge the Court to reconsider its Memorandum Opinion and Order with regard to the Court's decision on the criminal investigation provision and the post-emergency abortion notice provision. In Defendants' view, the potential of parental notification, whether as an incidental result of a criminal investigation or as a direct result of required post-emergency abortion notification, does not provide parents with the ability to obstruct or veto the abortion rights of a minor. Defendants also insist that the "chilling effect" of such notice does not constitute an undue burden on the abortion rights of the minor.

In the parties' briefs in support of their respective motions for reconsideration, the parties essentially reiterate the arguments presented earlier to the Court. Therefore, with the exception of Plaintiffs' request for clarification of this Court's Order with respect to Idaho Code § 18-609A(1)(c), the Court has previously considered and determined each and every argument

---

[2] As noted *supra*, the Court permanently enjoined the provision of Idaho Code § 18-609A(1)(c) which provides that "[a] notice of appeal from an order issued under the provisions of this subsection shall be filed within two (2) days from the date of the issuance of the order." The Court did not explicitly state whether the following portion of Idaho Code § 18-609A(1)(c) shall remain in effect:

> The record on appeal shall be completed and the appeal shall be perfected as soon as practicable, but in no event later than five (5) days from the filing of notice of appeal. Because time may be of the essence regarding the performance of the abortion, appeals pursuant to this subsection shall receive expedited appellate review.

This Order will clarify the Court's previous Memorandum Opinion and Order.

Order - Page 4

presented in the parties' motions for reconsideration. Further, to the extent the arguments advance a slightly different justification for each of the parties' positions, the Court is still not persuaded to grant the motions presently before the Court. Accordingly, excepting Plaintiffs' request for clarification of the provision concerning the two-day appellate window, the parties' motions to reconsider the Court's Memorandum Opinion and Order will be denied.

## ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that:**

(1) Plaintiffs' Motion for Reconsideration of Memorandum Opinion and Order (Dkt #145), filed January 8, 2002, is DENIED IN PART AND GRANTED IN PART. The Court will GRANT Plaintiffs' request for clarification as to Idaho Code § 18-609A(1)(c). In its Memorandum Opinion and Order issued December 20, 2001, the Court only enjoined that portion of Section 18-609A(1)(c) that provides that "[a] notice of appeal from an order issued under the provisions of this subsection shall be filed within two (2) days from the date of the issuance of the order." Thus, the following portion of Idaho Code § 18-609A(1)(c) remains in effect:

> The record on appeal shall be completed and the appeal shall be perfected as soon as practicable, but in no event later than five (5) days from the filing of notice of appeal. Because time may be of the essence regarding the performance of the abortion, appeals pursuant to this subsection shall receive expedited appellate review.

The remainder of Plaintiffs' Motion is DENIED.

(2) Defendants' Motion for Reconsideration of Memorandum Opinion and Order (Dkt #146), filed January 17, 2002, is DENIED.

DATED: March 8, 2002.

_____
MIKEL H. WILLIAMS
UNITED STATES MAGISTRATE JUDGE

Order - Page 6



```
                    United States District Court
                              for the
                         District of Idaho
                          March 8, 2002
```

                    * * CLERK'S CERTIFICATE OF MAILING * *


Re:  1:00-cv-00353


I certify that a copy of the attached document was mailed or faxed to the following named persons:

    Helene T Krasnoff, Esq.
    PLANNED PARENTHOOD FEDERATION OF AMERICA
    1120 Connecticut Ave NW #461
    Washington, DC  20036

    Roger K Evans, Esq.
    PLANNED PARENTHOOD FEDERATION OF AMERICA
    810 Seventh Ave
    New York, NY  10019

    Dara Klassel, Esq.
    PLANNED PARENTHOOD FEDERATION OF AMERICA
    810 Seventh Ave
    New York, NY  10019

    Eve C Gartner, Esq.
    PLANNED PARENTHOOD FEDERATION OF AMERICA
    810 Seventh Ave
    New York, NY  10019

    B Newal Squyres, Esq.
    HOLLAND & HART
    PO Box 2527
    Boise, ID  83701

    Clinton E Miner, Esq.
    OFFICE OF ATTORNEY GENERAL
    PO Box 83720
    Boise, ID  83720-0010

    David W Lloyd, Esq.      1-208-334-2830
    OFFICE OF ATTORNEY GENERAL
    Civil Litigation Division
    PO Box 83720
    Boise, ID  83720-0010

    Richard A Hearn, Esq.
    RACINE OLSON NYE COOPER & BUDGE
    PO Box 1391
    Pocatello, ID  83204-1391

_____Chief Judge B. Lynn Winmill
_____Judge Edward J. Lodge
_____Chief Magistrate Judge Larry M. Boyle
__✓__Magistrate Judge Mikel H. Williams

Cameron S. Burke, Clerk

Date: __3-8-02__                      BY: __[signature]__
                                          (Deputy Clerk)