

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD OF IDAHO, INC., and GLENN H. WEYHRICH, M.D., ) ) ) | |
| Plaintiffs, ) | CASE NO. CIV 00-0353-S-MHW |
| v. ) | **ORDER** |
| ) ALAN G. LANCE, Attorney General of the ) State of Idaho, and GREG BOWER, Ada ) County Prosecuting Attorney, ) ) Defendants. ) ) | |

## **INTRODUCTION**

Currently pending before the Court for its consideration is Defendants' Motion for Amendment of the Findings of Fact or in the Alternative Motion for New Trial (Dkt #155). Defendants filed the present motion on March 22, 2002.[1] Plaintiffs oppose the motion and Defendants filed a reply in response to the opposition brief. Thus, the motion is now ripe. The Court observes that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively

---

[1] The Court has signed an order allowing Idaho Family Defense Fund, Inc. and Idaho Chooses Life Alliance to file a brief as amicus curiae in support of Defendant's motions.

Order - Page 1

finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without a hearing.

## I.

## BACKGROUND.

The parties are quite familiar with the procedural background of this case. However, given the nature of the arguments presently before the Court, it is necessary to set forth a cursory recitation of the procedural events to date. Plaintiffs brought this action pursuant to 42 U.S.C. § 1983, seeking a declaratory judgment that certain statutes regulating abortions upon minors in Idaho are unconstitutional.[2] Following a preliminary injunction hearing, this Court issued a Memorandum Opinion and Order enjoining Defendants from enforcing three limited portions of the challenged statutes. In response, the Idaho legislature enacted certain amendments to the statutes in March 2001. Subsequent to the amendments, Plaintiffs moved for preliminary injunction of the amended venue provision. After extensive briefing by the parties and oral argument, the Court determined that "minors need to have considerable flexibility in seeking access to their state court system in a convenient manner" and granted Plaintiffs' motion for an injunction of the amended venue provision.

Plaintiffs continued to challenge the following portions of Idaho's parental consent law: (1) portions of the judicial bypass provision, Idaho Code §§ 18-609A(1)(a)(iv), 18-609A(1)(b)-(d); (2) portions of the medical emergency provision, Idaho Code §§ 18-609A(1)(a)(v), 18-

---

[2] *See* Idaho Code § 18-601 *et seq.*; 2000 Idaho Senate Bill No. 1299, amending Chapter 6, Title 18 of the Idaho Code to add new sections 18-609A and 18-614 and adopted by the Idaho Legislature in February 2000; 2001 Idaho House Bill No. 340, amending Chapter 6, Title 18 of the Idaho Code, §§ 18-605, 18-609A and 18-614 and adopted by the Idaho Legislature in March 2001.

609A(5)(c)(i); and (3) the provisions imposing penalties upon physicians and creating defenses thereto, Idaho Code §§ 18-605, 18-614. A trial was conducted in this matter commencing on September 4, 2001, and proceeding through September 7, 2001.

On December 20, 2001, the Court issued a Memorandum Opinion and Order, permanently enjoining the following provisions of Idaho's parental consent law, Idaho Code § 18-601 *et seq.*:

(1) Idaho Code § 18-609A(1)(b)(i), the first sentence only, which states that a minor seeking a waiver of the requirement of parental consent must file her judicial bypass petition in "the county where the minor resides or the county where the abortion is caused or performed";

(2) Idaho Code § 18-609A(1)(c), which provides that if a district court denies a minor's bypass petition, she must file a notice of appeal within two (2) days from the date of issuance of the order;

(3) Idaho Code § 18-609A(1)(b)(iv), the final three sentences only, which require that if a judge learns of criminal conduct while hearing a bypass petition, the judge must report that activity to law enforcement; and

(4) The post-abortion parental notification procedures set forth in Idaho Code Section 18-609A(1)(a)(v);

Further, after finding that the above-listed provisions were not integral or indispensable to the other portions of Idaho's parental consent law and thus they may be severed from the remaining statute, the Court determined that the whole of Idaho's parental consent law need not be permanently enjoined.

In January of 2002, Plaintiffs and Defendants filed motions for the Court to reconsider its December 20, 2001, Memorandum Opinion and Order. On March 8, 2002, Plaintiffs' Motion for Reconsideration was granted in part and denied in part. Also on March 8, 2002, this Court denied Defendants' Motion for Reconsideration and entered final judgment in this case.

Order - Page 3

## II.

## DEFENDANTS' MOTION FOR AMENDMENT OF THE FINDINGS OF FACT OR IN THE ALTERNATIVE MOTION FOR A NEW TRIAL.

In their present alternative motions, Defendants request that this Court amend its findings of fact or grant a new trial. Defendants claim that the basis for their requested relief is newly discovered and material evidence. Specifically, Defendants assert that the findings of fact should be amended or a new trial granted because the mother of a minor seeking a judicial bypass in Idaho was not allowed to participate in her daughter's judicial bypass hearing. According to Defendants, this new evidence

> illustrates the inherent flaw in placing protection of the anonymity of the minor in a position superior to the protection of the minor's best interest afforded by parental or state involvement in the evaluation of maturity as well as the evaluation of best interest.

For a motion for a new trial to be granted based upon the post-trial discovery of new evidence, the movant must show that the evidence: "(1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (citation and quotation omitted).

The Court finds that Defendants' "newly discovered and material evidence" has failed to meet the requisites for conducting a new trial or amending the findings of fact. By Defendants' own admission, "[t]he evidence Defendants seek to present for this Court's consideration occurred in relevant part after the completion of the trial in this matter." *See* Defendants' Memorandum in Support at page 2. The trial in this matter was completed on September 7, 2001. However, the minor specified in Defendants' present motion did not seek a judicial bypass

Order - Page 4

until October 2001. Therefore, the grounds supporting Defendants' Motion for Amendment of the Findings of Fact or in the Alternative Motion for New Trial did not exist at the time of trial.

Furthermore, Defendants' newly discovered evidence is not material to the issues before this Court. The law at issue in this case, Idaho Code § 18-609A, does not allow a minor's parent to participate in the bypass proceeding. *See* Idaho Code § 18-609A(1)(b). The fact that a woman claims that she was not allowed to participate in her daughter's judicial bypass hearing is therefore immaterial and not of "such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones*, 921 F.2d at 878.

Accordingly, in light of the foregoing analysis, the Court will deny Defendants' Motion for Amendment of the Findings of Fact or in the Alternative Motion for New Trial.

## ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that** Defendants' Motion for Amendment of the Findings of Fact or in the Alternative Motion for New Trial (Dkt #155), filed March 22, 2002, is DENIED.

DATED: June 21, 2002.

MIKEL H. WILLIAMS
UNITED STATES MAGISTRATE JUDGE



wm

```
              United States District Court
                        for the
                   District of Idaho
                    June 25, 2002


            * * CLERK'S CERTIFICATE OF MAILING * *


Re:  1:00-cv-00353


I certify that a copy of the attached document was mailed or faxed to the
following named persons:


       Helene T Krasnoff, Esq.
       PLANNED PARENTHOOD FEDERATION OF AMERICA
       1120 Connecticut Ave NW #461
       Washington, DC  20036

       Roger K Evans, Esq.     1-212-247-6811
       PLANNED PARENTHOOD FEDERATION OF AMERICA
       810 Seventh Ave
       New York, NY  10019

       Dara Klassel, Esq.
       PLANNED PARENTHOOD FEDERATION OF AMERICA
       810 Seventh Ave
       New York, NY  10019

       Eve C Gartner, Esq.
       PLANNED PARENTHOOD FEDERATION OF AMERICA
       810 Seventh Ave
       New York, NY  10019

       B Newal Squyres, Esq.   1-208-343-8869
       HOLLAND & HART
       PO Box 2527
       Boise, ID  83701

       Clinton E Miner, Esq.
       OFFICE OF ATTORNEY GENERAL
       PO Box 83720
       Boise, ID  83720-0010

       David W Lloyd, Esq.     1-208-334-2830
       OFFICE OF ATTORNEY GENERAL
       Civil Litigation Division
       PO Box 83720
       Boise, ID  83720-0010

       Richard A Hearn, Esq.   1-208-232-6109
       RACINE OLSON NYE BUDGE & BAILEY
       PO Box 1391
       Pocatello, ID  83204-1391
```

```
_____Chief Judge B. Lynn Winmill
_____Judge Edward J. Lodge
_____Chief Magistrate Judge Larry M. Boyle
__√__Magistrate Judge Mikel H. Williams
```

Cameron S. Burke, Clerk

Date: 6-25-02

BY: /s/ 
(Deputy Clerk)